*184
 
 Bettman, J.
 

 This case falls within a very narrow compass. The basis of the motion to dismiss the proceedings in aid of execution urged in the Common Pleas Court was that the notice of demand for personal earnings was delivered by ordinary mail and that such delivery did not comply with the provisions of Section 10272, General Code. The Court of Common Pleas considered this contention well founded and dismissed the proceedings in aid on that ground. This was the single issue considered in the Court of Appeals. That court took the view that under Section 10272, General Code, the delivery of the creditor’s demand was permissible by ordinary mail, and so remanded the cause for further proceedings. This action was clearlj" correct since the record indicates that the demand was in fact served “by leaving it at defendant’s [debtor’s] usual place of residence by means of the postman by regular mail, ’ ’ which was clearly one of the permissible methods of service under the provisions of Section 10272, General Code.
 

 Although in both courts below this cause has thus revolved around the interpretation of Section 10272, General Code, we believe that section has no application to proceedings in aid of execution in the
 
 Court of Common
 
 Pleas, the court here involved. Section 10272, General Code, stems from Section 40 of an “Act of the Jurisdiction and Procedure before Justices of the Peace” enacted in 1853. 51 Ohio Laws, 179,188. This act and its successors have repeatedly been held to relate to proceedings in the
 
 justice’s
 
 court. The specific requirement of Section 10272, General Code, relating to the service of demand preliminary to reaching the personal earnings of a judgment debtor was added in 3900. 94 Ohio Laws, 376. This requirement has been continuously held applicable to proceedings in aid in the justice’s court, and never so far as we have been able to find has it expressly been, held applicable to proceedings in aid in the Court of Common Pleas.
 
 *185
 
 Section 10272 is placed in the remedial subdivision of the General Code under the caption “Procedure injustice’s Court.” The governing statutes relating to-proceeding in aid in the Common Pleas Court are-Sections 11772 and 11781, General Code. While these sections require as preliminary to reaching debts or personal earnings due the judgment debtor that there-shall first be a return of an execution filed, there is no-requirement of service of a demand upon the judgment debtor such as is required under Section 10272, General Code. Here then is found further and sufficient reason for overruling in the case at bar the judgment debtor’s motion to dismiss the proceedings in aid. The-statute under the terms of which the motion to dismiss was made has no applicability.
 

 Accordingly the judgment of the Court of Appeals-remanding the cause for further proceedings to the-Court of Common Pleas is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Williams, Matthias, Hart and Zimmerman, JJ., concur.