**NUNLIST, Plaintiff, v. MOTTER, et al, Defendants.**

Dayton Municipal Court (Civil Division)

No. 83695.   Decided October 22, 1946.

Oldham & Oldham, Dayton, for Plaintiff.
Daniel L. Dwyer, Dayton, for Defendants.

## OPINION

By McBRIDE, J.

An agreed statement of facts was submitted to the Court in this action in forcible entry and detainer. The only issue involves the service by registered mail of the statutory demand to leave the premises. The agreed statement of facts reveals that the statutory notice "was received by the de-

fendants by registered mail." Also agreed to is the statement of the attorney for the plaintiff "that on the 19th day of September, 1946, I caused an envelope, with a copy of plaintiff's Exhibit B, addressed to defendant to be mailed at the Post Office in Dayton, Ohio, with the return receipt requested and that that returned receipt attached to plaintiff's Exhibit B was received by me sometime thereafter." Exhibit B includes the returned receipt signed by Helen Motter on September 19, 1946.

The only question involved in this case is the sufficiency of service of the preliminary notice to vacate required by §10451 GC of Ohio, which provides as follows:

"A party desiring to commence an action under this chapter, must notify the adverse party to leave the premises, for the possession of which is about to be brought, three or more days before, beginning the action, by handing a written copy of the notice to the defendant in person, or by leaving it at his usual place of abode. (113 v. 480; R. S., 6602. Eff. July 23, 1929.)"

There is no doubt but that this requirement is mandatory. Nor is there any doubt but that the notice may be served by an agent as well as by the plaintiff himself.

In his brief, attorney for the defendant, sets forth other sections of the code in which notice by registered mail is expressly authorized. Such provisions are found in §§8323-3, 10272, 10511-11, 10512-12 GC, and others. From this, the defendant argues that we have in §10451 GC, regarding forcible entry and detainer actions, a statutory expression which impliedly excludes all other methods of service commonly in use, especially service by registered mail. Defendant argues that had the legislature intended that the three-day notice be delivered by registered mail, it would have so provided. Since the legislature did not so provide, the defendant concludes that such service is not in compliance with §10451 GC.

The plaintiff has referred the Court to 32 O. Jur. page 101, which reads:

"It is quite well settled by a long line of authorities that the United States mail is the agent of the sender, unless, by a contract between the sender and the addressee, the former is required only to mail the letter or article, when the mails become the agent of the addressee."

This citation is based upon the case of the **State of Ohio v Douglas, 114 Oh St 190,** in which it is stated on **page 192:**

"It is quite well settled by a long line of authorities that the United States mail is the agent of the sender. It is also a matter of common knowledge that the sender of mail may at any time before final delivery recall letters from the postal authorities upon making proper identification. It follows that the uttering and publishing could not be complete until the mail had passed completely beyond the authority and control of the sender. Douglas was, of course, responsible for all the acts of his employees, including the United States mail, but the instrument could not be completely uttered and published so long as the acts of his agents were incomplete."

Thus it cannot be well argued that the Post office may not become the agent of the landlord in delivering the notice. And in the within case, it is admitted that the statutory demand was delivered to and received by the tenant personally from the letter carrier. Since the notice was delivered to the defendant personally, no question arises as to where the notice was delivered. It is certainly true, as has been held in this county, that delivery by the letter carrier to one other than the defendant is subject to question since, in the absence of personal delivery to the defendant, the only other delivery permitted is at the "usual place of abode." Thus, delivery to another member of the family is good only if made at the usual place of abode of the defendant. In the absence of affirmative proof to the contrary, we may assume that the registered receipt was signed and the notice delivered at the address called for on the registered letter, however, this latter situation is not involved in the present case as the defendant personally signed the receipt.

The forcible entry and detainer chapter is brief and simple, avoiding many of the complicated questions of procedure that arise in civil actions. A strict interpretation of **Section 10451** does not exclude the use of registered mail where the provisions of the section are otherwise complied with by delivery either to the person of the defendant or by leaving the notice at the regular place of abode.

The service of the three-day eviction notice by registered mail has been recognized in many cases in this Court over a period of many years and in the absence of a deci-

474

sion requiring otherwise, we are not at this late date prepared to disturb this practice.

Accordingly the Court finds in favor of the plaintiff and against the defendant for restitution of the premises.