**NUNLIST, Plaintiff-Appellee, v MOTTER, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1944.   Decided November 17, 1947.

Scharrer, Scharrer & Hanaghan, Dayton, for plaintiff- appellee.

Daniel L. Dwyer, Dayton, for defendant-appellant.

## OPINION

By WISEMAN, PJ.:

This is an appeal on law from the judgment of the Common Pleas Court of Montgomery County, Ohio, affirming a judgment for the plaintiff rendered by the Municipal Court of Dayton.

The defendant-appellant assigns as error that the judgment is contrary to law and is not sustained by sufficient evidence.

The action is one in forcible entry and detainer. The sole question for determination is whether the Notice to Leave the Premises which is required to be served on the tenant under the provisions of §10451 GC, may be served by registered mail. The case was tried on an agreed statement of facts in which it was stipulated that a copy of the Notice to Leave the Premises was sent by registered mail, in an envelope, addressed to the defendant, at her residence, which was mailed at the Post Office in Dayton, Ohio, with a return receipt requested, and that thereafter the receipt was returned. The return receipt is as follows:

·"RETURN RECEIPT

Received from the Postmaster the Registered or Insured Article, the original number of which appears on the face of this Card.

S/ Helen Motter

_____

(Signature or name of addressee)
Date of delivery 9-19, 1946."

The production of this receipt bearing the signature of Helen Motter established a prima facie case of the fact of

delivery of the notice to the defendant personally by the Post Office Department. Since no effort was made to rebut the presumption, the Court had a right to conclude that the notice was handed to the defendant personally by the postman.

Do the facts show a compliance with the requirements of §10451 GC, which provides:

"A party desiring to commence an action under this chapter, must notify the adverse party to leave the premises, for the possession of which is about to be brought, three or more days before beginning the action, **by handing a written copy of the notice to the defendant in person, or by leaving it at his usual place of abode.**" (Emphasis ours.)

It is urged by the defendant-appellant that the legislature in failing to expressly provide the giving of such notice by registered mail, the service of such notice by registered mail is not permitted, under the accepted rule of statutory construction that "expressio unius est exclusio alterius." However, it must be observed that the statute does not expressly provide by whom the service shall be made. If the statute provided that the notice shall be served by the Sheriff, this contention could be urged with some force. Again, it is urged that since the legislature has seen fit to provide for service of notices by registered mail, in the Probate Code (§§10507-4, 10509-59 GC), in the section pertaining to the adoption of children (§10512-12 GC), in the section which provides for the giving of notice prior to the institution of the garnishment proceedings (§10272 GC), and in the Mechanics Lien Law (§8323-3 GC); the omission to expressly provide for registered mail service in §10451 GC forbids such service. However, it was held under the provisions of §10272 GC prior to the amendment which provided for service of notices by registered mail, that the service by registered letter of the written demand on the debtor prior to the institution of garnishment proceedings, if the letter was delivered to the debtor personally, was a sufficient compliance with the statute. Hughes v Shields, 15 O. D. 255; Ostrander v Morris, 20 O. C. D. 643. These sections are not in pari materia with §10451 GC, and have no controlling effect in determining the construction to be placed on this statute. However, it is interesting to note that the Supreme Court of Ohio, in considering §10272 GC, after the amendment which provided for service by registered mail, in the case of **Stein-Orebaugh v Andre, 140 Oh St 182,** on page 184 held:

"This case falls within a very narrow compass. The basis of the motion to dismiss the proceedings in aid of execution urged in the Common Pleas Court was that the notice of demand for personal earnings was delivered by ordinary mail and that such delivery did not comply with the provisions of §10272 GC. The Court of Common Pleas considered this contention well founded and dismissed the procedings in aid on that ground. This was the single issue considered in the Court of Appeals. That court took the view that under §10272 GC, the delivery of the creditor's demand was permissible by ordinary mail, and so remanded the cause for further proceedings. This action was clearly correct since the record indicates that the demand was in fact served 'by leaving it at defendant's (debtor's) usual place of residence by means of the postman by regular mail,' which was clearly one of the permissible methods of service under the provisions of §10272 GC."

Also see **Coleman v Levinson, 25 O. O. 359.**

In applying the principle of law laid down in the case of **Stein-Orebaugh v Andre, supra,** to the facts in this case, the service made on the defendant would be a sufficient compliance with the requirements of §10451 GC, which provides for service "by leaving it at his usual place of abode." However, in our opinion the facts in this case show personal service on the defendant.

It may be conceded that the Notice to Leave the Premises required to be served on the tenant under §10451 GC, may be served by an agent of the landlord. In **32 O. Jur., page 101,** is found this statement:

"It is quite well settled by a long line of authorities that the United States mail is the agent of the sender, unless, by a contract between the sender and the addressee, the former is required only to mail the letter or article, when the mails become the agent of the addressee."

The author of Ohio Jurisprudence refers to the case of **State of Ohio v Douglas, 114 Oh St 190,** in which the Court on page 192 held:

"It is quite well settled by a long line of authorities that the United States mail is the agent of the sender."

See Colyear v Tobriner, 62 P. 2d 741, 7 Cal. 2d 735, 109 A. L. R. 191.

In the case at bar the United States mail was the agent of the plaintiff in making the service on the defendant. In our opinion registered mail service is permitted under the provisions of §10451 GC. In Ostrander v Morris, supra, Judge Winch asked the question: "What difference does it make, so long as a debtor personally receives the written demand, whether it is handed to him by the creditor, his attorney, the attorney's clerk, a messenger boy, or a letter-carrier?" The undisputed facts in this case show that the service made effectually complied with both provisions in §10451 GC, which provides that notice may be given either "by handing a written copy of the notice to the defendant in person" or, "by leaving it at his usual place of abode."

Finding no error in the record, the judgment is affirmed. Case is remanded for further proceedings according to law.

MILLER and HORNBECK, JJ, concur.

### APPLICATION FOR REHEARING
Decided December 8, 1947.

### OPINION

By THE COURT:
Submitted on application for rehearing. Inasmuch as no new question is raised, the application is denied.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.