GEHRING, et al, Plaintiff-Appellees, v. SWOLL, et al, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 1945. Decided November 18, 1947.

William A. Swaney, Dayton, for plaintiff-appellees.
Daniel L. Dwyer, Dayton, for defendant-appellants.

## OPINION

By WISEMAN, PJ.:

This is an appeal on law from the judgment of the Common Pleas Court of Montgomery County, Ohio, affirming a judgment for the plaintiff rendered by the Municipal Court of Dayton.

The defendant-appellants assigned as error that the judgment is contrary to law and is not sustained by sufficient evidence. The action is one in forcible entry and detainer. The sole question for determination is whether the notice to leave the premises which is required to be served on the tenant under the provision of §10451 GC may be served by registered mail. The case was tried on an agreed statement of facts in which it was stipulated that a copy of the notice to leave the premises was served by registered mail. The facts in this case and the legal questions raised are on all fours with the case of **Nunlist v Motter MC 46 Abs 471; OA 50 Abs 187,** decided by this court on the 17th day of November, 1947. For

a detailed discussion of the facts and the question of law reference is made to the opinion of the court in that case.

In the case of Nunlist v Motter this court held: The notice to leave the premises which is required to be served on the tenant under the provisions of §10451 GC may be served by registered mail; that where the notice to leave the premises is sent by registered mail with a return receipt requested and thereafter the receipt bearing the signature of the defendant was returned, a prima facie case is established of the fact of delivery of said notice to the defendant personally by the Post Office Department; that the United States mail was the agent of the plaintiff in making service on the defendant; that both provisions of §10451 GC relative to the mode of service are effectually complied with, where an envelope containing the notice to leave the premises is delivered to the defendant personally at the defendant's residence by the United States Post Office employee.

In the case at bar both the Municipal Court and the Court of Common Pleas held that registered mail service was valid.

Finding no error in the record the judgment is affirmed. The case is remanded for further proceedings according to law.

MILLER and HORNBECK, JJ, concur.

## APPLICATION FOR REHEARING

Decided December 10, 1947.

## OPINION

By THE COURT:

Submitted on application for rehearing. Inasmuch as no new question has been raised, the application is hereby denied.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.