## STATE ex CHRISTOPHER, Plaintiff, v. AMRINE, Supt., Defendant.

Ohio Appeals, Second District, Madison County.

No. 167.   Decided July 3, 1950.

Arthur L. Spielmann, Columbus, for plaintiff.
Herbert S. Duffy, Atty. Genl., Alan E. Schwarzwalder, Asst. Atty. Genl., Columbus, for defendant.

**OPINION**

By HORNBECK, J.:

This is an action in habeas corpus. It appears that one George Freemas was jointly indicted with the plaintiff for first degree murder. Freemas was tried separately, the petitioner testifying in behalf of the State. Freemas was convicted of murder in the first degree. After the conviction of Freemas, plaintiff, who was represented by counsel, entered a plea of guilty, was tried, convicted and sentenced in accordance with the judgment entry of the Court of Common Pleas of Franklin County for the September term, 1932, as follows:

"This day again came the Prosecuting Attorney on behalf of the State of Ohio, the defendant being in Court in custody of the sheriff and represented by counsel. Thereupon the defendant withdrew his plea of 'not guilty' heretofore entered and stated to the Court that he desired to waive a trial by jury. Thereupon the Court inquired of said defendant, what plea he would make to the indictment, the defendant thereupon entered a plea of guilty to said indictment, and by confession in open court stated that he is guilty of the general charge of unlawful homicide as he stands charged in the indictment. Thereupon the agreement of counsel for both the State of Ohio and the defendant, and by agreement of the defendant himself, the Court finds that the defendant by his own sworn testimony adduced in the trial of the State of Ohio v. George Freemas, is guilty of Murder in the First Degree as he stands charged in the indictment, and furthermore the Court recommends Mercy."

The plaintiff was then sentenced to imprisonment in the Ohio Penitentiary for the period of his natural life and the prisoner thereafter was taken to the Ohio Penitentiary, there held upon a mittimus and later transferred according to law to the London Prison Farm on March 29, 1933. It is further stipulated that the waiver of a trial by jury set forth in the judgment entry heretofore quoted was not in writing and further that no testimony was taken by the trial judge following the entering of a plea of guilty by the defendant, the plaintiff here. It is the claim of the petitioner that he is illegally restrained of his liberty for three reasons.

(1) That no proper waiver of a trial by jury was signed by the defendant.

(2) That the plea of "guilty" "of the general charge of unlawful homicide" is unknown to the law of Ohio.

(3) The action of the trial judge in making his finding and entering judgment upon the testimony of the plaintiff in the case of State v. Freemas.

Considering the claims of the plaintiff in reverse order we are satisfied that the third will not support a judgment for the plaintiff. He is barred by the agreement in open court of himself and of his counsel that his testimony taken in the Freemas case should be considered by the Court as his testimony in the plea of guilty in his case.

The second claim, in our judgment, will not support the relief sought by the plaintiff for the reasons that it does not in the particular asserted establish the want of jurisdiction of the trial judge to enter the judgment against the plaintiff. The judgment entry first recites that "the defendant thereupon entered a plea of guilty to said indictment." The judgment entry then continues "and by confession in open court states that he is guilty of the general charge of unlawful homicide as he stands charged in the indictment." It is recognized that an indictment of first degree murder likewise includes the elements of a charge of second degree murder and manslaughter. So that, the defendant himself, and through his counsel simply said to the trial judge "We concede that the defendant is guilty either of first degree murder, second degree murder or manslaughter and we ask the Court to fix the degree and if it should be murder in the first degree then to determine if the defendant is entitled to mercy."

Such procedure was specifically authorized at the time that the defendant was convicted by §13448-2 GC. This section, after defining the degrees of guilt of which a defendant could be convicted continues:

"If the offense charged is murder and the accused is convicted by confession in open court, the court shall examine the witnesses, determine the degree of the crime, and pronounce sentence accordingly."

The offense charged included murder in all degrees and the defendant was convicted by "confession in open court" of murder. The judge then acted strictly within the intendment of the statute. The term "unlawful homicide" is synonomous with murder.

The difficult question in this case is the first, whether the failure of the defendant to conform to the provisions of §13442-4 GC by signing a written waiver of his right to a trial by jury prevented the trial judge from assuming jurisdiction to try and determine the degree of murder of which he was guilty and to pronounce sentence upon that finding.

In earlier times our Supreme Court had held that a defendant could not waive a jury trial and consent to be tried by the Court in a criminal case. **Hern v. State, 1 Oh St 15;. Haynes v. State, 12 Oh St 622.** Later this strict construction was modified in situations developed in the following: **Hanoff v. State, 37 Oh St 181; Simmons v. State, 75 Oh St 346; Hanaghan v. State, 51 Oh St 24, 28; State ex rel v. Baer, 103 Oh St 585; State v. Habig, 106 Oh St 151.** This last cited case was decided in 1922. In 1929, the Legislature enacted certain sections of the Code fixing the right of a defendant to waive his right to a trial by jury and defining explicitly the manner in which the waiver could be accomplished. In so doing it placed a safeguard around the defendant by requiring as an essential of the waiver that it be made in writing, signed by the defendant, and in form, verbatim or in substance, as set out in the section.

**Sec. 13442-4 GC** effective when plaintiff was tried in so far as pertinent provides:

"In all criminal cases pending in courts of record in this state, the defendant shall have the right to waive a trial by jury and may, if he so elect, be tried by the court without a jury. Such waiver and election by a defendant shall be in writing, signed by the defendant and filed in said cause and

made a part of the record thereof. * * *"

This specific requirement was not observed in the trial of the charge against the defendant. **Sec. 13442-5 GC** then further provides:

"In any case **where a defendant waives his right to trial by jury and elects to be tried by the judge of such court as provided in the next preceding section,** any judge of the court in which such case is pending **shall have jurisdiction to proceed with the trial of said cause,** and shall proceed to hear, try and determine such cause in accordance with the rules and in like manner as if such cause was being tried before a jury." (Emphasis ours.)

It will be noted that upon the prerequisites of **§13442-4 GC** being met, §13442-5 GC provides that the judge shall then

have jurisdiction to proceed with the trial of said cause. Conversely, it may be said that without the observance of these prerequisites the trial judge did not have jurisdiction to try the case. The failure to observe the specific obligation as to the requirement that the waiver shall be in writing put the court in a status as though no waiver had been made.

Courts of Common Pleas are constitutional courts of general original jurisdiction in Ohio. They are expressly established by the Constitution, and are capable of exercising such jurisdiction as the Legislature may choose to confer. **11 O. Jur. 828.**

There is no presumption of the jurisdiction of a court of general jurisdiction where it exercises special powers in a special statutory manner or not according to the course of the common law. 21 C. J. S. 151.

A court cannot, by an erroneous decision on a question of law, add to, or divest itself of its jurisdiction. 27 C. J. S. 115. The acts and proceedings of a court which is without jurisdiction in the particular case, or is acting in excess of its jurisdiction, are void. 27 C. J. S. 116.

In **State ex rel Warner v. Baer, 103 Oh St 590, 591,** Chief Justice Marshall discussed the right of a person accused of a crime to waive a trial by jury and consent to trial by the Court in the light of **Sections 5 and 10 of Article I of our Constitution.** He directs attention, p. 601, to the fact that at that time no statutes had been enacted making any provision for waiver of the right to trial by jury, that the Constitution only guarantees the right of a jury trial which may be waived. That the purpose of Sections 5 and 10 was to prevent the Legislature from enacting any statute which would deprive persons accused of crime of the right of a trial by jury. He points out that the sections under consideration are not self-executing. In the enactment of §13442-4 **GC** the Legislature defined the act which constitutes a waiver. At page 609 of the opinion is a very disconcerting statement affecting the question of jurisdiction.

"It has been urged in argument that these sections of the Bill of Rights (Sections 5 and 10) are jurisdictional and that jurisdiction cannot be conferred by consent, but we deny that this question has anything to do with jurisdiction. The Court of Common Pleas of Cuyahoga County had full and complete jurisdiction of the subject-matter of the trial. . The provisions relating to the right of jury trial refer only to the form and manner of the trial, and are in no sense jurisdictional in character. **If a person has a right to jury trial and is de-**

prived of such rights, it is an irregularity which constitutes error but does not present a jurisdictional question." (Emphasis ours.)

This statement was a pure obiter but is entitled to weight in this court. If the statement is sound then clearly the remedy of the relator here is not habeas corpus. In the Baer case the question did not affect the jurisdiction of the court as constituted, i. e. judge and jury but reached only the right by consent of the defendant to be tried by a jury of less than twelve men.

In **Hanaghan v. State, 51 Oh St 24,** Judge Williams writing the opinion called attention to the fact that a statute requiring express waiver in writing the effect of which was to deprive the defendant of certain of his rights, like other penal statutes cannot be enlarged by construction.

In **Simmons v. State, 75 Oh St 346,** it is said in the first syllabus, that,

"In a prosecution under Section 3718a, R. S. upon a plea of not guilty, before the justice can acquire jurisdiction to hear the complaint and render final judgment in the case without the intervention of a jury, the accused must waive his right to a jury trial."

At the time that this case was decided the statute requiring a written waiver by the defendant had not been enacted and the court there held that any specific act of the defendant clearly indicating a purpose to waive his right to a jury trial would be sufficient. This case would clearly support the waiver here but for the statutes §13442-4 and 5 GC.

In the case of **State v. Smith, 123 Oh St 237,** the defendant in conformity with §13442-4 GC had waived a jury and elected to be tried by the court, and at the same time his counsel suggested his present insanity. The judge refused to accept the waiver, submitted the cause to a jury, which convicted the defendant of murder in the first degree without recommendation of mercy and he was sentenced to be electrocuted. Judge Jones in the opinion held that the trial judge had no authority to refuse to accept the waiver and that by the tender the judge of the court was given jurisdiction to proceed with the trial of the cause. At pages 240 and 241 of the opinion, referring to §13442-5 GC, it is said,

"There is no ambiguity in that language, nor is there any discretion given to the trial judge. By its express terms

Jurisdiction has been conferred upon the judge to hear the criminal case in the event of the defendant's waiver and election to be tried by the judge. " * * The jurisdiction of the trial judge, conferred by the Constitution, is that fixed by law. Article IV, Section 4. By the foregoing sections his jurisdiction has been definitely fixed by the Legislature. The definition and punishment of crimes and the method of criminal procedure are those and only those sanctioned by the State, and are embodied in its criminal legislation. Since the judge had only such jurisdiction as given him by law, he was required to follow the mandate of the statute."

A fortiori, if compliance with the statute conferred jurisdiction on the trial judge to try the case, the failure to comply left the court without such jurisdiction.

It is suggested where there is a plea of guilty no written waiver is required and the statute requiring it is not controlling. We cannot agree to this contention in the situation developed in this case. Here the court, if jury was properly waived, had the right to make determination of factual matters which ordinarily is the peculiar province of a jury and to determine whether or not the defendant was guilty of murder in the first degree with or without mercy, murder in the second degree or manslaughter. This, in our judgment, was an exercise of the prerogatives of a jury. In every case which we have examined wherein a plea of guilty was considered as tantamount to a waiver of a jury the plea was to a specific offense and the judge upon such conviction exercised only the authority of a judge and not that of a jury.

We are impressed by the opinion of Justice Black in Johnson v. Zerbst, 304 U. S. 458, 82 L. Ed., 1461, 58 S. Ct., 1019 wherein he concludes that when a right guaranteed the defendant under the Constitution had been abridged the court had no jurisdiction to pronounce sentence upon his conviction. In the instant case we have defined statutory procedure which is essential to jurisdiction which was not followed.

We realize that the question presented is not free from difficulty but are of opinion that the trial judge in the trial of this case had not, in the absence of a written waiver as provided by §13442-4 GC, the jurisdiction to determine the degree of guilt of the defendant, the relator here, nor to pronounce sentence upon that adjudication and that the writ as prayed for should be granted.

It will be so ordered.

MILLER, PJ, WISEMAN, J, concur.