**STATE, ex rel. SCOTT, Plaintiff, v. ALVIS, Warden, Respondent.**

Ohio Appeals, Second District, Franklin County.

No. 4516. Decided May 9, 1951.

John Robert Jones, Columbus, for plaintiff.

C. William O'Neill, Atty Genl., Max H. Dennis, Asst. Atty. Genl., Columbus, for respondent.

## OPINION

By THE COURT.

This is an action in habeas corpus submitted upon a stipulation of facts. The stipulation develops that petitioner was indicted in Summit County in 1937 upon the charge of murder while attempting to perpetrate a robbery. Upon his arraignment he entered a plea of not guilty and later, expressing the desire to change his plea, withdrew his plea of not guilty and entered a plea of guilty "as he stands charged in the indictment." No written waiver of the right to a jury trial was signed by petitioner. At all times he was represented by counsel. After the plea the presiding Judge of the Court of Common Pleas of Summit County designated two judges and the presiding judge and his associates took testimony in behalf of the State and the defendant (petitioner here), heard arguments of counsel and recommended that mercy be extended to the defendant. Thereupon on January 31, 1938, the Court sentenced him to be imprisoned in the Ohio State Penitentiary at Columbus, Ohio, during the remainder of his natural life. A mittimus was issued in conformance to

the sentence and judgment and the petitioner is held by the respondent on this mittimus.

It is urged by the petitioner that this Court upon the authority of State, ex rel. Christopher v. Amrine, Superintendent, No. 167, Madison County, Ohio, 51 Abs 223, 59 Abs 295, 94 N. E. (2d) 204, should grant the writ. Counsel for the respondent asserts that the facts in this case may be differentiated from those in the Christopher case requiring a different judgment here and further that the Christopher judgment should be overruled.

In this case at the time that the case of the petitioner was heard there was by his plea but one adjudication which could be of any advantage to him, viz., a recommendation of mercy. This he secured at the hands of the three judge court. The only other adjudication that could have been made would have been a finding of guilty as charged which finding would have carried the death sentence. So that, the petitioner by his action in entering a plea of guilty to the charge in the indictment and the proceeding subsequent thereto was protected in every right that could have been accorded to him if it be conceded that he had the right to a jury trial.

In the Christopher case the defendant pleaded guilty to unlawful homicide generally and thereby, as was stated in our opinion, was presented to the tribunal hearing the case the right to determine whether or not the defendant was guilty of first degree murder, if so, should mercy be recommended, second degree murder or manslaughter in the first degree. All of these possible findings could properly have been submitted as verdicts to a jury and the denial of the right to have them presented to a jury was a substantial right accruing to the defendant which could be taken away from him only upon a waiver by him of that right. The statute expressly defines the way and the only way that he could interpose such a waiver. This was not done. The difference in the facts in the two cases is obvious. That which was denied Christopher may have resulted to his disadvantage and was a denial of his right to a jury trial. We held that the Court without the waiver did not have jurisdiction to make a finding and enter judgment. In the instant case had the petitioner been given all rights to which he claims he was entitled he could have received nothing more of benefit to him. Notwithstanding the obvious situation to which we have referred, if the Court which passed judgment upon the petitioner and committed him was without jurisdiction to do so, manifestly, he should be released.

Without receding from our position in the Christopher case, we examine the law to determine if the petitioner had the

right to a jury trial. Upon his plea of guilty to the charge of first degree murder and as a prerequisite to the right of the three judge court to try him, was he required to waive the right to a jury trial as provided by §13442-4 GC?

Sec. 12400 GC defining murder in the first degree provides that one who is guilty of the offense shall

"be punished by death unless the jury trying the accused recommend mercy in which case the punishment shall be imprisonment in the penitentiary during life."

Sec. 12399 GC provides that,

"Murder in the first degree, as defined in this chapter, (in which the section is found), shall continue to be a capital offense within the meaning of the constitution."

By §12400 GC, a jury could only have the authority to recommend mercy if upon trial of the petitioner he was found guilty of first degree murder. Upon his plea, there was nothing which a jury was authorized to determine and a waiver is not contemplated unless such right exists.

Sec. 13448-2 GC provides that,

"where an indictment charges an offense, including different degrees, the jury may find the defendant not guilty of the degree charged but guilty of an inferior degree thereof or lesser included offense."

The section further provides:

"If the offense charged is murder and the accused is convicted by confession in open court, the court shall examine the witnesses, determine the degree of the crime and pronounce sentence accordingly."

As we view this section, it must be read with §13442-4 GC and where there is any included offense upon which a jury has a right to pass, the waiver must be made as provided in §13442-4 GC.

Sec. 13442-5 GC. The early part of this section provides that,

"where a defendant waives his right to trial by jury and elects to be tried by the judge of such court such judge shall proceed to hear, try and determine such cause, etc., provided, however, that if the accused is charged with an offense punishable with death, he shall be tried by a court to be composed of three judges * * *. Such judges or a majority of them shall have power to decide all questions of fact and law arising upon the trial, and render judgment accordingly."

This language clearly clothes the three judge court with all of the jurisdiction ordinarily exercised by a jury in the cases to which it applied, and a written waiver is required before the court may try the accused. The section continues:

"and provided further, that if the accused plead guilty of murder in the first degree, a court composed of three judges as herein provided shall examine the witnesses, determine the degree of crime and pronounce sentence accordingly. In rendering judgment of conviction of an offense punishable by death upon the plea of guilty or after trial by the court without the intervention of a jury the court may extend mercy and reduce the punishment for such offense to life imprisonment in like manner as upon recommendation of mercy by a jury." (Emphasis ours.)

This last quoted sentence of the section is the exercise of a power that in no place in the Code is granted to a jury. The provision that upon conviction of the offense by a plea of guilty the court may extend mercy and reduce the punishment is an act of the court independent of and different from any verdict that could have been rendered by a jury. It relates to the judgment, the punishment which is to be a part of the sentence. The right accorded to the three judge court by the last sentence of the section which we have quoted is not a right of trial by jury and in our judgment no waiver in writing, or otherwise, was required of the petitioner to vest the three judge court with jurisdiction to decide the case and sentence him.

The writ will be denied.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.