**STATE, ex EVANS, Plaintiff, v. ECKLE, SUPT., LONDON PRISON FARM, Defendant.**

Ohio Appeals, Second District, Madison County.

No. 192.   Decided October 7, 1954.

Nelson Lancione, Columbus, for plaintiff.
Hon. C. William O'Neill, Attorney General, Hugh A. Sherer and Thomas R. Lloyd, Assistant Attorneys General, Columbus, for defendant.

**OPINION**
By MILLER, J.:

This is an action in habeas corpus wherein the relator is seeking his release from the Ohio Penitentiary for the alleged reason that the trial court had no jurisdiction to hear and determine his case without the intervention of a jury.

The record reveals that the relator, William Evans, was indicted for murder in the first degree, with deliberation and premeditation, during the April, 1930, term of court; that on September 4, 1930. he appeared in open court with counsel and "retracts his plea of not guilty heretofore entered, and for plea to said indictment, pleads guilty to homicide generally, * * *"; that the Court then examined the witnesses and heard the evidence adduced by the State and relator, relating to the commission of the crime in order to determine the degree of the offense committed: that upon being fully advised in the premises the Court found the relator guilty of murder with mercy extended and sentenced him to life imprisonment in the Ohio Penitentiary.   It is admitted that no written waiver of a jury trial was signed and filed in the case in compliance with §13442-4 GC.   The pertinent part of this section provides:

"In all criminal cases pending in courts of record in this state, the

defendant shall have the right to waive a trial by jury, and may, if he so elects, be tried by the court without a jury. Such waiver and election by a defendant, shall be in writing, signed by the defendant and filed in said cause and made a part of the record thereof."

The relator is relying upon the case of **State, ex Christopher v. Amrine, 59 Abs 295**, wherein this Court held that although a plea of guilty to "unlawful homicide" is synonomous with a plea to guilty of murder, the trial judge is without jurisdiction to determine the degree of guilt or to pronounce sentence in the absence of a written waiver as provided in §13442-4 GC. The plea in the instant case, it will be noted, was "guilty to homicide generally". As was held in the Christopher case, supra, such a plea is synonomous with the plea of guilty of murder. Since the Christopher case was decided by this Court the Supreme Court has passed differently, we think, upon the question in the case of **State, ex Scott v. Alvis, 156 Oh St 387**, the syllabus of which provides:

"A three-judge trial court has jurisdiction, upon a plea of guilty by an accused charged with unlawfully and purposely killing another while in the perpetration of a robbery, to determine the degree of the offense and to sentence the accused, even though no written waiver of trial by jury is filed as is provided for by §13442-4 GC."

Upon the authority of this case we must hold that the trial judge did not exceed his legal authority in hearing the cause and pronouncing sentence even though the relator did not sign and file a waiver of his right to a jury trial, this right being lost upon his plea of guilty. It will be noted that since the date of trial and sentence, to wit, September 4, 1930, §13442-5 GC was amended effective October 18, 1933, requiring the cause to be submitted to three judges instead of one, when the offense charged is punishable with death. This amendment, however, does not affect the question presented in this case.

The application will be denied.

WISEMAN, PJ, concurrence.

### SPECIAL CONCURRENCE

By HORNBECK, J, Special Concurrence:

The question of waiver of a jury and how it can be accomplished by defendant in a criminal case, either misdemeanor or felony has been the subject of many decisions by our Supreme Court.

Sec. 13448-2 GC has been the law since 1835, 33 O. L. 39, R. S. 7316, §1369-2 GC. It provided "and if such person is convicted by confession in open court the court shall proceed by examination of the witnesses in open court, to determine the degree of crime, and shall pronounce sentence - accordingly."

As early as **Dailey v. State, 4 Oh St 57**, it was held that in the prosecution for illegally selling intoxicating liquors the record showing that the accused "did not demand a jury" sufficiently shows a waiver of the trial by jury and that a statute authorizing such procedure was constitutional. The opinion cited even an earlier case, **Miller v. State, 3 Oh St 475**. But in **Williams v. State, 12 Oh St 622**, it was held that in a charge of the commission of a felony the defendant could not upon a

190

plea of not guilty, in any manner waive a jury and that such attempted procedure was unconstitutional. Thereafter throughout the years followed **Goodwin v. State, 16 Oh St 345,** where it was held that there was a waiver where the defendant represented by counsel waived trial by jury in writing in defendant's own hand and that he was properly tried without a jury. Later **Billingheimer v. State, 32 Oh St 435** and **Craig v. State 49 Oh St 418.** R. S. 7316 provided, in part, then, as now, if the offense charged is murder, and the accused is convicted by confession in open court, the court shall examine witnesses, determine the degree of the crime, and pronounce sentence accordingly."

In **Hoffman v. State, 98 Oh St 154,** decided April 2, 1918, the majority held that waiver appeared but in a vigorous dissent by Judge Donahue and Chief Justice Nichols it was asserted that the defendant had been denied his constitutional rights. In **State ex Warner v. Baer, 103 Oh St 585,** Chief Justice Marshall, in his characteristic manner, discussed the whole field of agreements, waivers, and stipulations in criminal cases and even though it was necessary to go beyond the journal entry, held that the defendant had waived his right to a jury.

All of these cases were decided after R. S. 7316 was enacted, later §1369-2 GC and §13448-2 GC and all decided before §13442-4 GC and §13442-5 GC were enacted. It is but logical to conclude that the mass of adjudication had some part in prompting the legislature as an expression of public policy to define the requisites of a waiver. The result was the enactment of §13442-4 GC and §13442-5 GC part of the same act, 113 O. L. 123. The former provided that in all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury." The section then sets out the form of the waiver to be signed by the defendant and provides that "such waiver * * *, shall be in writing, signed by the defendant." Sec. 13442-5 GC, as enacted in 115 O. L. 531, provided "in any case where defendant waives his rights to trial by jury and elects to be tried by the judge of such court as provided in the next proceeding section, any judge of the court in which such cause is pending **shall have jurisdiction to** * * * and shall proceed to hear, try and determine such cause in accordance with the rules and in like manner as if such cause were being tried before a jury" (Emphasis ours). Inasmuch as the defendant, petitioner here could have been tried by the authority of **13442-5 GC,** as well as by **13448-2 GC,** the language of which we have just quoted and as this section vests jurisdiction only when compliance with §13442-4 GC has been observed, it follows that without a written waiver the court does not have jurisdiction where it is to exercise the function of a jury as contemplated in the Ohio Constitution. This was the basis of the opinion of this court in **Christopher v. Amrine-Supt., 59 Abs 295.**

We also decided State ex rel. Scott v. Alvis, unreported, Franklin County, No. 4516, May 9, 1951 which was affirmed in **156 Oh St 387** upon which the majority relies in refusing the Writ of Habeas Corpus. In affirming the Scott case the Supreme Court said "A three-judge trial court has jurisdiction, upon a plea of guilty by accused charged with unlawfully and purposely killing another while in the perpetration of a robbery, to determine the degree of the offense and to sentence the ac-

cused even though no written waiver of trial by jury is filed as is provided for by §13442-4 GC." The court in this syllabus is employing verbatim the language of a part of 13442-5 GC.

In the Scott case he was charged with first-degree murder, viz, the purposeful killing while in the commission of a robbery. He entered a plea of guilty as charged in the indictment. This was a plea of guilt of first-degree murder. In this case the plea is not guilty of first-degree murder, but guilty to "homicide generally". Therein is found the difference between the Scott case, the Christopher case and the case at bar. In the Christopher case the charge, murder with deliberation and premeditation, upon the plea permitted of a finding of guilt of any of the three degrees of murder, clearly a function of a jury. In the Scott case there were no degrees of the crime which could have been found less than the one charged and to which he pleaded guilty, viz, first-degree murder. The right to accord him mercy was not a function of a jury as was contemplated in our constitution assuring him the right to a jury trial.

Sec. 13442-5 GC, as we view it, covers three situations: One: A waiver of the right by the defendant to his right to a trial by jury in all cases except upon a charge of first-degree murder. Under this authority a judge of the court in which the indictment was returned may proceed under a plea of not guilty. The second authorizes the accused to waive a jury, if he is charged with an offense punishable with death and here the court is given jurisdiction to find him guilty of any offense charged in the indictment, namely, murder in any of its degrees or to acquit him. There is nothing in this section to prevent a plea of guilty to homicide. The third provision applies to a plea of guilty of murder in the first-degree in which the court can only make determination whether or not mercy shall be extended to the defendant. How can it be said, if a defendant pleads guilty to murder in the first degree that the court may disregard this admission and find him guilty of a lesser degree of homicide.

Sec. 13448-2 GC deals primarily with authorization for a finding of guilt of lesser degrees when they are included in the charge against the defendant or of an attempt if such attempt is an offense at law. This added provision should be construed in connection with §13442-4 GC and §13442-5 GC with which it is in pari materia. Although it provides for the trial of a defendant if he is convicted by confession in open court and "the court shall examine the witnesses to determine the degree of the crime and pronounce sentence accordingly," if read with the other sections the court is only authorized to do that provided if a jury is waived according to the applicable law. Sec. 13448-2 GC was in the statutes long before §13442-4 GC and §13442-5 GC were enacted.

We have held In re Knight, 73 Oh Ap 547, 41 Abs 89, that §13448-2 GC which contemplated a trial by one judge was in pari materia with §13442-4 GC and §13442-5 GC and modified by the provision of §13442-5 GC which requires a trial to be had by a three judge court. The section being silent as to waiver is controlled by §13442-4 GC and §13442-5 GC which are specific as to waiver.

In Turk v. State, 48 Oh Ap 489, the defendant was charged with

the commission of first-degree murder in perpetration of arson. The trial court refused to charge that he could be convicted of a lesser offense. The court held that purpose and intent to kill must be shown to support the charge and reduced the finding to manslaughter. The Supreme Court 129 Oh St 245, by an evenly divided court, Judges Matthias and Johnson dissenting, affirmed the judgment and held that the trial court erred in refusing to charge the jury as requested.

In the instant case, as in the Christopher case, the defendant, if the evidence supported, could have been found guilty of murder in the first-degree, second-degree or manslaughter, all degrees of murder the determination of which was clearly the function of a jury. In this situation it would seem that the intendment of §13442-4 GC, as originally enacted should have been given application in the trial of Evans.

We recognized that much of §13442-4 GC and §13442-5 GC was not effective for three years after relator was tried but their subject matter does not weaken the dominant purpose of the earlier legislation to require a written waiver of a jury in all criminal cases to be tried by the court only.

We are not unmindful that Chief Justice Marshall in two cases, one of which is State ex rel. Baer, supra, has said that the deprival of a defendant in a criminal case of a right to a jury trial is but an irregularity which constitutes error but does not present a jurisdictional question. However, we cannot find that the court has adopted this proposition.

It follows from what has been said that but for the language of the syllabus in the Scott case, this member of the court would hold that the relator is entitled to the relief sought. We interpret the syllabus as a mandate to this court and, of course, follow it.

We hope that the Supreme Court either in this case or in some other will elucidate its opinion of the full meaning of the sections of the code involved.