Marshall, C. J.
 

 This cause comes to this court upon exceptions filed by the prosecuting attorney, for the decision of this court upon the rulings of the court of common pleas of Jefferson county during the trial of Alexander C. Douglas upon a charge of uttering and publishing a forged in
 
 *191
 
 strument with intent to defraud. The indictment was not based on a charge of forgery, but upon a charge of uttering and publishing a forged instrument.
 

 At the trial it was developed by the state’s witnesses that the defendant, Douglas, was a broker, having dealings with a firm in Pittsburgh, Pa., where he had a credit account. Douglas had purchased through the Pittsburgh correspondent certain stocks for one Clark, and when the stock certificates in the name of Clark were received by Douglas he instructed his clerks to indorse Clark’s name upon the power of attorney authorizing the transfer of the stocks and had- the same clerks mail the certificates so indorsed to the Pittsburgh correspondent for credit. The value of the certificates was accordingly placed to the credit of Douglas, thereby completing not only the forgery, by uttering and publishing the forged instruments, but also the resultant fraud;
 

 Upon this state of the evidence, the state having rested, the defendant’s counsel moved for a directed verdict of not guilty, which motion - was sustained, the verdict of not guilty returned, and the defendant discharged.
 

 The ground of the motion was that the act of uttering and publishing the forged instruments was not fully consummated until they were delivered in the office of the Pittsburgh correspondent, where Douglas received credit for their value, and that the venue of the case therefore lay in Pittsburgh, Pa., and not in Steubenville, Ohio.
 

 It is quite clear that the crime of forgery was fully completed in the city of Steubenville, but the
 
 *192
 
 separate and distinct crime of uttering and publishing the forged instrument with intent to defraud had not been fully consummated until the delivery of the mail to the Pittsburgh correspondent. It is quite well settled by a long line of authorities that the United. States mail is the agent of the sender. It is also a matter of common knowledge that the sender of mail may at any time before final delivery recall letters from the postal authorities upon making proper indentification. It follows that the uttering and publishing could not be complete until the mail had passed completely beyond the authority and control of the sender. Douglas was, of course, responsible for all the acts of his employes, including the United States mail, but the instrument could not be completely uttered and published so long as the acts of his agents were incomplete.
 

 This case is not one of first impressions. It may not be distinguished from the case of
 
 Lindsey
 
 v.
 
 State,
 
 38 Ohio St., 507. In that case Lindsey was prosecuted in Jefferson county for uttering and publishing a forged instrument. The instrument had been forged in the state of Missouri and sent by mail to Jefferson county, and it was held in that case that the crime of uttering and publishing had been consummated at Steubenville. The case is therefore entirely parallel in its facts to the instant case. Another authority, which is not quite so directly in point, nevertheless would be determinative of this case in the absence of the
 
 Lindsey case.
 
 In the case of
 
 Norris
 
 v.
 
 State,
 
 25 Ohio St., 217, 18 Am. Rep., 291, Norris, residing in Springfield, Ohio, wrote a letter and transmitted
 
 *193
 
 the same by mail to a firm in Akron, Ohio, ordering certain goods, and the order was accordingly filled and the goods delivered to the transportation company at Akron, consigned to the defendant at Springfield. It was proven that the letter contained false pretenses, which false pretenses induced the sale. He was accordingly indicted in Clark county, where the city of Springfield is located. It was held by this court that his conviction in Clark county must be reversed, because the crime of obtaining property by false pretenses was consummated in the city of Akron, where the letter was delivered.
 

 Upon these authorities, and upon principle, this court is unanimously of the opinion that the crime of uttering and publishing the forged instrument was not fully consummated in the city of Steuben-ville, and that the exceptions of the prosecuting attorney must be overruled.
 

 Exceptions overruled.
 

 Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.