## Ex parte FRANCES L. FABER.

No. A-8801.   Sept. 11, 1934.
(35 Pac. [2d] 741.)

Amos T. Hall, for petitioner.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   This is an original proceeding in habeas corpus.   Petitioner alleges she is unlawfully restrained of her liberty by the sheriff of Tulsa county; that she was convicted on her plea of guilty of the fraudulent destruction of insured property and was sentenced to

serve a term of one year in the state penitentiary; that she was not afforded an opportunity to advise with counsel prior to her plea of 'guilty and was induced to plead guilty by the fire marshal, by his promise that she would receive a suspended sentence; and for that reason the judgment is void. This court declined to issue the writ of habeas corpus but issued a rule to show cause. The sheriff in his return justified his restraint of petitioner under the judgment and sentence.

Petitioner relies mainly on the case of Ex parte Hollins, 54 Okla. Cr. 70, 14 Pac. (2d) 243. The writ was awarded in that case for the reason the entire proceedings were had in the presence of an imminent threat of mob violence and wherein the death penalty was imposed on an ignorant negro, of low mentality and unable to read or write, who was not represented by counsel. The decision in that case is not to be stretched to cover irregularities and errors, no matter how numerous, gross, and flagrant they may be in the proceedings preliminary thereto, unless they go to the question of jurisdiction. There is no rule better settled than that the writ of habeas corpus cannot be used in place of an appeal and that relief cannot be had in such a proceeding, unless the court was without jurisdiction. Ex parte Adams, 42 Okla. Cr. 27, 274 Pac. 485; Ex parte Pike, 50 Okla. Cr. 125, 296 Pac. 529; Ex parte Gardner, 54 Okla. Cr. 294, 19 Pac. (2d) 910. The matters alleged in the petition do not go to the jurisdiction of the court and do not render the judgment void.

The writ is denied.

DAVENPORT and CHAPPELL, JJ., concur.