to said lines for each of the No. 5 and No. 6 veins of coal in the area in the northwest corner of the lands described in the Petition if each set of two entries is at least 300 feet apart, and if each entry in a set is not closer than 40 feet from center to center, nor more than 12 feet wide and has at least fifty feet of overburden under said pipe lines.

Exceptions noted.

## BURSON, In Re.

Ohio Appeals, Second District, Franklin County.

No. 4181.   Decided November 29, 1948.

Wayne S. Gerber, Columbus, for petitioner.

Hugh S. Jenkins, Atty. Genl., Milan E. Frase and Robert Tatgenhorst, Asst. Attys. Genl., Columbus, for respondent.

## OPINION

By WISEMAN, PJ.

This is an original action in which the petitioner seeks a writ of habeas corpus to secure his release from the Ohio State Penitentiary. The petitioner was indicted as a second offender on three counts for stealing and operating motor vehicles without the consent of the owners. A plea of guilty being entered, the accused was sentenced to imprisonment in the Ohio State Penitentiary on August 20, 1943.

Petitioner claims the Court violated a fundamental right to have counsel appointed to represent him as provided by §13439-2 GC; that he was entitled to be advised of the nature and seriousness of the charge, and as to his constitutional right to trial by jury before being arraigned, and before being required to enter a plea.

The record shows that petitioner was not represented by counsel. Petitioner did not request the Court to appoint counsel; neither does the record in the trial Court affirmatively show that the accused was indigent and unable to employ counsel. The records in the office of the Clerk of Courts show the following: "Arraigned, reading of indictment waived, plea of guilty. August 20, 1943."

It is alleged that petitioner was ignorant and did not understand the nature of the charge and his right to a jury trial. We are asked to consider the uncorroborated statement of the petitioner in support of his contention. This Court must determine how much weight is to be given the testimony of the petitioner. We do not find this allegation to be supported by the facts. The petitioner was not unfamiliar with the procedure in criminal cases. Once before he was charged with a similar offense and sentenced to a term in the Ohio State Reformatory.

When collaterally attacked the judgment of the Court carries with it a presumption of the regularity of the proceedings. Johnson v. Zerbst, 304 U. S. 458, 468. Thus, we conclude from the record that the petitioner waived the reading of the indictment and that every legal right in this regard was accorded the petitioner in the absence of proof to the contrary.

Authorities have been cited in support of the proposition that the failure to appoint counsel justifies a reversal on an appeal or in error proceedings. These authorities have no application to the question presented. In the instant case, a collateral attack is made against the judgment and convic-

tion of the petitioner. Admitting, without deciding, that the record discloses an irregularity in the proceedings, such irregularity does not go to the jurisdiction of the Court. Habeas corpus does not lie unless the judgment and conviction is void. Clearly the Common Pleas Court of Franklin County, Ohio, had jurisdiction in the matter. The Court having jurisdiction, habeas corpus does not lie. **Sec. 12165 GC;**

**Ex Parte Elicker, 117 Oh St 500; Yutze v. Copelan, 109 Oh St 171; State, ex rel. Conners, 96 Oh St 519, 528; State, ex rel. Faber v. Jones, 95 Oh St 35; In re Allen, 91 Oh St 315; Ex Parte Van Hagan, 25 Oh St 426, 432;** Wright v. Brady, 129 F. (2d) 109; Ex Parte Faber, 35 P. (2d) 741.

Counsel for the petitioner has cited the case of Johnson v. Zerbst, supra, in support of his contention that the judgment and conviction was void. The proceeding in that case arose in the Federal Court and the Supreme Court of the United States was required to decide the issue under the Sixth Amendment to the Constitution of the United States which applies only to trials in the Federal Courts. That case is distinguishable on the facts from the instant case. In the case of Johnson v. Zerbst the accused pleaded not guilty. Two days after being indicted the accused was taken before the Court, arranged, tried, convicted and sentenced. The record further shows that the accused stated to the Court that he had no lawyer but was tried, convicted and sentenced without the assistance of counsel.

It is admitted that if the act of the Court amounted to a denial of "due process" the judgment and sentence of the Court would be void and habeas corpus would lie. "Due process" is not denied in every case when the Court fails to appoint counsel to represent an indigent defendant. To constitute a deniel of "due process" the record must show a state of facts which is offensive to our concept of "due process" as guaranteed by the Fourteenth Amendment to the United States Constitution. Betts v. Brady, 316 U. S. 455, 62 S. Ct. 1252. Under the facts presented in the instant case, the failure of the Court to appoint counsel did not amount to a denial of "due process".

To avoid unnecessary litigation the trial Courts would do well to appoint counsel before arraignment, and where counsel is not appointed, to show by court entry in detail the action taken and the reason therefor.

The writ will be denied.

MILLER and HORNBECK, JJ, concur.