**BURSON, In Re Petitioner.**

Ohio Appeals, Second District, Franklin County.

No. 4181.  Decided January 26, 1949.

Wayne S. Gerber, Columbus, for petitioner.

Hon. Hugh S. Jenkins, Atty. Genl., Milan E. Frase and Robert Tatgenhorst, Asst. Attys. Genl., Columbus, for respondent.

### OPINION

By THE COURT.

Submitted on application for rehearing.  In support of the contention that the failure to appoint counsel renders the judgment and conviction void, applicant cites the following cases: Williams v. Kaiser, 323 U. S. 471, 65 S. Ct. 363; Townsend v. Burke, 334 U. S. 736, 68 S. Ct. 1252; Wade v. Mayo, 334 U. S. 672, 68 S. Ct. 1270; Uveges v. Commonwealth of Penn. 69 S. Ct. 184.

These cases are distinguishable from the instant case on the facts.  The Williams case involved a capital offense.  The defendant requested the court to appoint counsel which was denied.  The court on the whole record found that the defendant was unable to make a proper defense.  In the Townsend case, the court found that the trial court was given wrong information relative to prior offenses which, when aggravated by circumstances showing that it resulted in the

prisoner being actually taken advantage of, or prejudiced, and in the absence of counsel, resulted in a denial of due process. In the Wade case, an eighteen year old youth was charged with a capital offense. He pleaded not guilty and requested the court to appoint counsel. The court refused to appoint counsel and forced the prisoner to trial which resulted in a conviction. The court found that the youth was incapable of adequately representing himself in the trial. The Uveges case is, also, distinguishable on the facts.

In the Townsend case, the court held that the due process clause of the Fourteenth Amendment to the United States Constitution does not prohibit the state from accepting a plea of guilty in a noncapital case from an uncounseled defendant. In Bute v. Illinois, 333 U. S. 640, 68 S. Ct. 763, the court held that in a noncapital case failure to appoint counsel does not always result in a denial of due process. The court held that in the absence of any showing which would require it, the due process clause of the Fourteenth Amendment did not require the trial court to initiate an inquiry or the offer or assignment of counsel. In that case, as in the instant case, the court held that there was nothing in the record to show that the petitioner, at the time of trial, either desired counsel or was unable to procure counsel.

The severity of the punishment, if within statutory limits, cannot be successfully urged in support of the claim that defendant was taken advantage of or was prejudiced by failure to appoint counsel. Townsend v. Burke, supra.

Because of the view we take of this case, and the proposition of law applied, we do not deem it necessary to decide whether in the instant case the trial court was or was not under a legal duty to make inquiry of the defendant to determine his indigency or advise the defendant that he was entitled to counsel. On the record presented, it is sufficient for this court to hold the failure to appoint counsel did not constitute a denial of due process.

Application for rehearing denied.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

## ON REQUEST OF PETITIONER

No. 4181.   Decided January 26, 1949.

By THE COURT.

Submitted on request of petitioner for a separate finding of facts and conclusions of law, two motions of petitioner and

two motions of the respondent directed toward the granting or denying of the request for a separate finding.

The court announced its opinion November 29, 1948. On December 3, 1948, the petitioner filed a request for a separate finding. Rule IX, as it then existed, provided that:

"The party requesting a finding of facts shall, within five days after the opinion is announced, unless further time be given by the court, prepare the finding of facts and submit the same to the opposite counsel, and within five days after its receipt by him the same shall be submitted to the court, together with his objections thereto, if any, and suggestions, in writing."

The record shows a failure to comply with this rule since the separate finding was not submitted to opposite counsel until December 29, 1948, on which date the same was filed with the clerk of this court without the approval or signature of the court. Rule IX, as it then existed, further provided that,

"for want of a strict compliance with this rule, unless good cause be shown to the contrary, the clerk shall enter a general finding instead of a finding of facts."

The request for a separate finding will be denied.

All motions will be overruled. An entry may be drawn in conformity herewith.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

## ON MOTION OF PETITIONER FOR RECONSIDERATION

No. 4181. Decided February 17, 1949.

By THE COURT.

The motion of petitioner for reconsideration and rehearing on the question of a separate finding is hereby overruled.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.