*379
 
 Hart, J.
 

 This action is a collateral attack upon the conviction and sentence of the petitioner in the Common Pleas Court of Franklin County on an indictment for stealing and operating automobiles without the owners’ consent. The judgment so collaterally attacked carries with it a presumption of regularity.
 
 Johnson
 
 v.
 
 Zerbst, Warden,
 
 304 U. S., 458, 468, 82 L. Ed., 1461, 58 S. Ct., 1019. Under such circumstances, this court must assume, in the absence of evidence to the contrary, that the action of the trial court in accepting a waiver of the reading of the indictment and in accepting a plea of guilty from the defendant was legal and lawful.
 

 The principal matter complained of by the petitioner is that he was denied due process of law in that he was ignorant and indigent and the trial court failed to advise him as to his right to have counsel appointed for him and failed to appoint counsel to aid him before his arraignment and sentence, as provided by Section 13439-2, General Code.
 

 The record discloses that upon arraignment the petitioner waived the reading of the indictment and entered a plea of guilty. There is no evidence that the trial court was then advised as to any lack of mental capacity upon the part of the petitioner. The court was advised of his previous criminal record and service of sentence in the state reformatory. Since the plea of guilty dispensed with the necessity of a trial, the trial court did not recognize any necessity for the appointment of counsel and appointed none.
 

 Counsel for petitioner claim that, as a matter of right, the trial court under the circumstances should have appointed counsel to assist accused before he was arraigned and required to enter a plea to the charges filed'against him, and that the failure of the court to so appoint counsel deprived accused of a fundamental
 
 *380
 
 constitutional right. Counsel for the petitioner claim that this right to counsel is provided not only by Section 10, Article 1 of the Constitution, but by Section 13439-2, General Code. The latter provides:
 

 “After a copy of the indictment has been served or opportunity had for receiving it, as provided in the next preceding section,
 
 the accused shall be brought into court, and if he is without and unable to employ counsel, the court shall assign him counsel,
 
 not exceeding two * * (Italics supplied.)
 

 In the opinion of this court, the section of the statute just quoted, mandatory in terms, must be complied with unless compliance is waived by a defendant, which we hold may be done. Perhaps it was unfortunate that the trial court did not specifically advise the petitioner concerning his right to counsel, but under the circumstances with the record of the petitioner before it, the court might assume that he knew his rights in this respect and chose to plead guilty rather than to stand trial on a charge concerning which he knew he had no defense.
 

 An examination of the cases on this subject discloses that in almost every instance where the neglect, of the court to appoint counsel has been held to be prejudicial error, a request for counsel was appropriately made and denied or a plea of guilty had been obtained by trickery.
 
 Johnson
 
 v.
 
 Zerbst, Warden,
 
 supra;
 
 Hawk
 
 v.
 
 Olson, Warden,
 
 326 U. S., 271, 276, 90 L. Ed., 61, 66 S. Ct., 116. In the case last cited, Mr. Justice Reed, speaking for the court, said:
 

 “In state prosecutions a conviction on a plea of guilty, obtained by a trick,
 
 Smith
 
 v.
 
 O’Grady,
 
 312 U. S., 329, 334, or, after refusal of a proper request for counsel, because of the accused’s incapacity adequately to defend himself,
 
 Williams
 
 v.
 
 Kaiser,
 
 323 U. S., 471, will not support imprisonment. Such procedure vio
 
 *381
 
 lates the Fourteenth Amendment to the Constitution. See
 
 Tomkins
 
 v.
 
 Missouri,
 
 323 U. S., 485;
 
 Cochran
 
 v.
 
 Kansas,
 
 316 U. S., 255. That amendment is violated also when a defendant is forced by a state to trial in such a way as to deprive him of the effective assistance of counsel.
 
 Powell v. Alabama, supra
 
 [287 U. S., 45, 52, 58];
 
 House
 
 v.
 
 Mayo,
 
 324 U. S., 42. Compare
 
 Ex parte Hawk,
 
 321 U. S., 114;
 
 Glasser
 
 v.
 
 United States,
 
 315 U. S., 60, 69, 70.”
 

 The latest pronouncement of the federal Supreme Court on this subject is in the recent case of
 
 Gibbs
 
 v.
 
 Burke,
 
 Warden, - U. S., -, 93 L. Ed., (Adv. Op.), 1343, - S. Ct., -. In that case the court held that, even though the defendant never made a request for counsel, his trial in a state court on charges of larceny to which he pleaded not guilty constituted a denial of due process where considerable inadmissible hearsay or otherwise incompetent evidence was admitted without objection by the defendant; where the trial judge, when the defendant recalled the prosecuting witness for further cross-examination, made the witness the defendant’s witness for the purpose of the unfavorable testimony then elicited and thus made the testimony binding on the defendant, although under state lawr an adverse witness could be so examined and yet remain the witness of the opposing party; and where the defendant was prevented from proving that the prosecuting witness had previously made a baseless criminal charge against the defendant under similar circumstances. But the majority of the court in that ease, in an opinion also written by Mr. Justice Beed, considered the case on the theory announced in
 
 Betts
 
 v.
 
 Brady, Warden,
 
 316 U. S., 455, 86 L. Ed., 1595, 62 S. Ct., 1252, to the effect that the due process clause of the federal Constitution does not guarantee to every person charged with a serious
 
 *382
 
 crime in a state court the right to assistance of counsel regardless of the circumstances.
 

 In the course of the opinion Mr. Justice Reed said:
 

 “The due process clause is not susceptible to reduction to a mathematical formula. Furthermore, the fair conduct of a trial depends largely on the wisdom and understanding of the trial judge. He knows the essentials of a fair trial. The primary duty falls on him to determine the accused’s need of counsel at arraignment and during trial. He may guide a defendant without a lawyer past the errors that make trials unfair. * * * Failure to protect properly the rights of one accused of serious offenses is unusual. Obviously a fair-trial test necessitates an appraisal before and during the trial of the facts of each case to determine whether the need for counsel is so great that the deprivation of the right to counsel works a fundamental unfairness. * * *
 

 “A defendant who pleads not guilty and elects to go to trial is usually more in need of the assistance of a lawyer than is one who pleads guilty.”
 

 It is claimed further by the petitioner that, in his arraignment and plea of guilty, he did not waive his right to have counsel appointed to aid him, and that such waiver comprehends a voluntary relinquishment of a known right. 40 Ohio Jurisprudence, 1233, Section 2; 56 American Jurisprudence, 115, Section 15.
 

 A plea of guilty to an indictment raises a presumption of waiver of such right unless there are circumstances which rebut and nullify such presumption. Such waiver may be express, providing it is intelligently and understandingly given, or may be implied. See
 
 State
 
 v.
 
 Raney,
 
 63 N. J. Law, 363, 43 A., 677.
 

 Whether a waiver was made must be determined by the particular facts and circumstances of the case, including a consideration of the background, experi
 
 *383
 
 ence and conduct of the accused.
 
 Johnson
 
 v.
 
 Zerbst, supra, Buckner
 
 v.
 
 Hudspeth, Warden,
 
 105 F. (2d), 396;
 
 McCoy
 
 v.
 
 Hudspeth, Warden,
 
 106 F. (2d), 810. The record discloses that the trial judge did make such investigation and review of the facts surrounding the situation of the petitioner. Whether the petitioner’s plea of guilty and consequent waiver of the appointment of counsel was intentional and intelligently made must rest in the sound discretion of the trial judge before whom the plea, was taken. There is nothing in the record in the instant case to indicate the lack of exercise of such sound discretion upon the part of the trial judge.
 

 Furthermore, in the case of
 
 Betts
 
 v.
 
 Brady, Warden, supra,
 
 which the court refused to overrule in the recent case of
 
 Gibbs
 
 v.
 
 Burke, supra,
 
 the court said:
 

 “As we have said, the Fourteenth Amendment, prohibits the conviction and incarceration of one whose trial is offensive to the common and fundamental ideas of fairness and right, and while want of counsel in a particular case may result in a conviction lacking in such fundamental fairness, we cannot say that the amendment embodies an inexorable command that no trial for any offense, or in any court, can be fairly conducted and justice accorded a defendant who is not represented by counsel.”
 

 In other words, it cannot be said that any failure of the court to accord counsel to a defendant, when hot requested, necessarily invades any constitutional right.
 

 Finally, the Common Pleas Court of Franklin County is a court of general jurisdiction and had jurisdiction of the case involving the indictment of the petitioner. In the opinion of this court, that court did not take any action whereby it lost jurisdiction and which made its judgment void. If it is conceded that
 
 *384
 
 there was any irregularity in the proceedings of the court, it constituted error but it did not oust the court of jurisdiction. The petitioner had and still has an adequate remedy at law by way of review, on appeal, and the extraordinary remedy of habeas corpus does not lie..
 

 Section 12165, General Code, provides:
 

 “If it appears that the person alleged to be restrained of his liberty is in custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ [habeas corpus] shall not be allowed; or, if the jurisdiction appears after the writ is allowed, the person shall not be discharged by reason of any informality or defect in the process, judgment, or order.” See
 
 State, ex rel. Conners,
 
 v.
 
 DeMuth, Supt.,
 
 96 Ohio St., 519, 118 N. E., 98;
 
 Ex parte Faber,
 
 56 Okla. Cr., 177, 35 P. (2d), 741.
 

 The petitioner complains also that the Court of Appeals erred in refusing to make separate findings of fact and conclusions of law, but he was not prejudiced thereby since he was invoking an improper remedy.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Zimmerman, Turner and Taet, JJ., concur.