DINSMORE *v.* ALVIS, WARDEN, ET AL.

(No. 4340—Decided June 22, 1950.)

*Mr. Jay C. Flowers,* for petitioner.
*Mr. Herbert S. Duffy,* attorney general, and *Mr. Alan E. Schwarzwalder,* for respondents.

WISEMAN, J. This is a proceeding in habeas corpus, originating in this court, in which the petitioner seeks his release from the Ohio State Penitentiary where he has been confined since September 22, 1948, on a mittimus issued by the Common Pleas Court of Wayne County.

The petitioner was indicted on seven counts for forgery under Section 13083, General Code.

The petitioner claims that eight days elapsed after his arrest before he was taken before a magistrate and a complaint filed. The point is made that there was a failure to comply with the provisions of Section 13432-3, General Code, in that he was not taken before

the magistrate "without unnecessary delay." There is a discrepancy between the sworn testimony of the petitioner and the records as to the time of the arrest and his appearance before the magistrate. In view of the conflict in the evidence we cannot find in favor of the petitioner on this factual matter. However, if the claim of the petitioner is true, this would not furnish legal grounds for a release by a habeas corpus proceeding.

It is claimed also that two of the counts were for one and the same offense. The first count charged petitioner with falsely making, forging and counterfeiting a check; the second count charged him with feloniously uttering and publishing as true and genuine a certain false, forged and counterfeited check. Both counts involved the same check. The acts of making and forging and the uttering and publishing of the forged check constitute the crime of forgery under Section 13083, General Code. However, there are two separate offenses charged. The rule that the accused cannot be convicted of two separate offenses which in fact constitute one act has no application. The making and forging of the check was one act, and the uttering and publishing of the check was a separate and distinct act. Evidence which would be sufficient to convict of making and forging would fall far short of being sufficient to convict of uttering and publishing. The two counts charged two separate offenses. *State* v. *Douglas,* 114 Ohio St., 190, 150 N. E., 733; *Lindsey* v. *State,* 38 Ohio St., 507; 19 Ohio Jurisprudence, 232, 258, Section 23; 23 American Jurisprudence, 698.

Petitioner claims he was indigent and unable to employ counsel and that he was without counsel at all times. The record does not show affirmatively that this matter was brought to the attention of the court at the

time of arraignment, at which time petitioner pleaded guilty. In the case of *In re Burson,* 53 Ohio Law Abs., 443, 86 N. E. (2d), 40, this court held: " 'Due process' is not denied in every case where the court fails to appoint counsel to represent an indigent defendant." That case was affirmed by the Supreme Court in 152 Ohio St., 375, 89 N. E. (2d), 651. See *Betts* v. *Brady, Warden,* 316 U. S., 455, 86 L. Ed., 1595, 62 S. Ct., 1252. In our opinion the record presented does not show a clear case for issuing the writ because of the failure to appoint counsel.

The chief and most serious contention of petitioner is that there was a denial of "due process" as guaranteed by the Fourteenth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, by the failure of the sheriff to serve on the petitioner a copy of the indictment. The Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law."

Section 10, Article I of the Ohio Constitution, in part provides:

"In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof."

Section 13439-1, General Code, provides:

"Within three days after the filing of an indictment for felony and in every other case when requested, the clerk shall make and deliver to the sheriff or to the defendant or his counsel, a copy of such indictment. The sheriff, on receiving such copy, shall serve it on the defendant. A defendant, without his assent, shall not be arraigned or called on to answer to an indictment until one day has elapsed after receiving or having

an opportunity to receive in person or by counsel, a copy of such indictment.''

The record in this case shows that the indictment was presented on September 9, 1948. Notice to serve copy of the indictment was filed on September 10, 1948. The return of the sheriff shows that a copy of the indictment was served on one Harry Hunter on September 11, 1948. The record does not show, but the testimony of the petitioner in this court was to the effect that a copy of the indictment was never served on him. A warrant for his arrest was issued on September 10, 1948. The record shows that on September 13, 1948, the sheriff brought the petitioner before the court, at which time he was arraigned. When arraigned the indictment was read to the petitioner and, being then and there required to plead, the petitioner entered a plea of guilty to the seven counts. He was immediately sentenced for an indeterminate term on each count, the sentences to run consecutively.

Do these facts show a denial of ''due process?'' We do not think they do. The accused is entitled to be served with a copy of the indictment but this right may be waived. The record does not show that accused made a demand to be furnished a copy of the indictment and was refused. In our opinion the requiring of the service of a copy of the indictment on the accused was not a necessary legal prerequisite to the acquisition of jurisdiction. The presentment of the indictment gave the court jurisdiction. See *Smith* v. *State,* 8 Ohio, 295; *Fouts* v. *State,* 8 Ohio St., 98. Any irregularity which may arise thereafter must be raised on appeal. *In re Burson,* 152 Ohio St., 375, 89 N. E. (2d), 651. The court had jurisdiction to sentence the petitioner and his release is denied.

*Petitioner remanded to custody.*

MILLER, P. J., and HORNBECK, J., concur.