Per Curiam.

Petitioner contends that he was deprived of his constitutional right to due process of law by the trial court’s permitting of an amendment of the original indictment during trial' by deleting therefrom the name of the person upon whom the offense was charged to have been committed and substituting therefor the name of another, pursuant to Section 13437-29, General Code, which permits amendment of an indictment before, during or after trial, “provided no change is made in the name or identity of the crime charged.” (Italics added.)
The remedy for review of alleged errors or irregularities in the conduct of a criminal trial is by appeal and not by habeas corpus. In re Burson, 152 Ohio St., 375, 89 N. E. (2d), 651; In re Pullins, 155 Ohio St., 171, 98 N. E. (2d), 1; In re Ames, 155 Ohio St., 184, 98 N. E. (2d), 2.
The petitioner contends further that he was deprived of his liberty without due process of law because he was tried, convicted, and sentenced while the-court knew of his insanity. The pleadings and exhibits do not bear out this claim. He was found not to be “psychotic,” but to be a “psychopathic offender. ’ ’
It is contended also that petitioner’s constitutional right of due process was violated by a layman, the-Director of Public Welfare, performing a judicial function in revoking the suspended sentence and ordering petitioner transferred to the penitentiary to-serve the sentence imposed by the trial court, without taking him before such court. The act of the director in ordering the petitioner transferred to a designated *523 penal institution upon being satisfied, after recommendation of the Commissioner of Mental Hygiene that such inmate had recovered, was purely administrative, not judicial.

Petitioner remanded to custody.

Weygandt, C. J., Zimmerman, Middleton, Matthias and Hart, JJ., concur.