STROCK, APPELLEE, *v.* KOJICH, APPELLANT.

(No. 1350—Decided September 21, 1955.)

*Messrs. MacQueen & MacQueen,* for appellee.
*Mr. Howard A. Mills,* for appellant.

GRIFFITH, J. This is an action begun in the Municipal Court of Niles, in which action an order of attachment was issued garnisheeing the defendant's wages.

In 1952, plaintiff obtained a judgment for rent against the defendant in the sum of $233.44. On August 1, 1955, a written demand for personal earnings in excess of exemptions was sent to the defendant by ordinary United States mail addressed to him at 126 Holford Street, Niles, Ohio, and received by defendant on August 2, 1955. There is no question of the sufficiency of the form of the demand.

On August 11, 1955, plaintiff filed the affidavit of judgment creditor in the proceedings in aid, and the order in aid was issued. On August 17, 1955, the defendant, in writing, moved that the court dismiss the aid of execution for the reason that neither Sections 2333.13, 2333.21 nor 1911.40, Revised Code, had been complied with.

After a hearing on the motion, the court overruled it, basing its decision on *Incorporated Trustees* v. *Evatt, Tax Commr.*, 140 Ohio St., 185, 42 N. E. (2d), 900. Hence, this appeal on questions of law.

It is obvious that the Municipal Court acted pursuant to Section 1911.40, Revised Code, in the issuance of its order of attachment and not under the provisions of Sections 2333.13 and 2333.21, Revised Code, as these sections relate to proceedings in aid in the Common Pleas Court, requiring, as preliminary to reaching personal earnings, that there shall first be a return of an execution filed. Admittedly, here, no execution was issued prior to the aid. So the case narrows itself down to this single issue:

Was the service of the demand at the defendant's usual place of residence by ordinary mail sufficient? The pertinent part of Section 1911.40, Revised Code, as applied to our problem, is:

"Such demand shall be made not less than five nor more than thirty days before such order of attachment or order in aid of execution is sought, by delivering such demand to the debtor personally, or by leaving such demand at, or by sending such demand by registered letter to the debtor's usual place of residence."

This section provides three different ways in which such demand may be served on the defendant:

1. Delivery to the debtor personally.
2. Leaving such demand at the debtor's usual place of residence.
3. By registered letter to the debtor's usual place of residence.

Did not the plaintiff comply with the second alternative by leaving such demand at the debtor's usual place of residence?

The plaintiff, on August 1, 1955, sent to the defendant by ordinary mail demand for personal earnings addressed to the defendant at his usual place of residence, 126 Holford Street, Niles, Ohio. The mail carrier delivered the letter to that address, and the defendant received it on August 2, 1955.

More than five days elapsed, and the defendant did nothing, so, on August 11, 1955, the affidavit of the creditor was filed and order in aid issued. The defendant admits that he received the demand on August 2, 1955, and that it reached him through the channels of the United States mail, but complains that the demand did not come by *registered* mail. He had plenty of time to answer the demand before suit was brought.

Section 1911.40, Revised Code, is totally silent as to who shall leave such demand at the debtor's usual place of residence.

In the absence of such designation, what difference does it make whether it is left by the plaintiff creditor himself or by the mailman? That is a matter of proof. In the case at bar, the admitted fact is that the demand notice was left at the debtor's usual place of residence by the mail carrier; that he, the debtor, received it; and that the demand was made not less than five nor more than thirty days before such order of attachment was sought.

It is well settled by a long line of decisions that the United States mail is the agent of the sender, since the sender may, at any time before delivery, recall the letters posted from the postal authorities. *State* v. *Douglas,* 114 Ohio St., 190, 150 N. E., 733.

In the case of *Stein-Orebaugh, Inc.,* v. *Andre,* 140 Ohio St., 182, the Supreme Court states, at page 184, 42 N. E. (2d), 904:

"This was the single issue considered in the Court of Ap-

peals. That court took the view that under Section 10272, General Code [now Section 1911.40, Revised Code], the delivery of the creditor's demand was permissible by ordinary mail, and so remanded the cause for further proceedings. This action was clearly correct since the record indicates that the demand was in fact served 'by leaving it at defendant's [debtor's] usual place of residence by means of the postman by regular mail,' which was clearly one of the permissible methods of service under the provisions of Section 10272, General Code.''

So our Supreme Court in its decision, by dictum at least, has held that the leaving of such demand by the mailman at the debtor's usual place of residence is one of the permissible methods of service under the provisions of Section 1911.40, Revised Code.

We find and hold that service of written demand upon a debtor required by Section 1911.40, Revised Code, may be made by regular mail, and such service is sufficient provided the proof shows receipt of such demand by the debtor, or his admission of the receipt of such demand. The defendant debtor, having known about the notice, had his day in court.

A reviewing court must disregard any error or defect in the proceedings, which does not affect the substantial rights of the adverse party, and no judgment shall be reversed by reason of such error where it appears that substantial justice has been done the party complaining. See Section 2309.59, Revised Code.

Substantial justice has been done the defendant as shown by the record of the proceedings and judgment in the Municipal Court. Accordingly, the judgment of the Municipal Court of Niles is affirmed, and the cause is remanded for further proceedings according to law.

*Judgment affirmed.*

PHILLIPS and NICHOLS, JJ., concur.