**Clay SIMS, Appellant,**

v.

**R. W. ALVIS, Warden, Ohio Penitentiary at Columbus, Appellee.**

**No. 13290.**

United States Court of Appeals
Sixth Circuit.

Feb. 24, 1958.

See also, 242 F.2d 506.

Gardner Reed, Newport, Ky., Clay Sims, pro se, on the brief, for appellant.

William N. Vance, Asst. Atty. Gen. of Ohio, William B. Saxbe, Atty. Gen. of Ohio, on the brief, for appellee.

Before SIMONS, Chief Judge, MARTIN, Circuit Judge, and MATHES, District Judge.

## PER CURIAM.

This appeal is from an order of the district court denying application for writ of habeas corpus for release of the petitioner from the Ohio State Penitentiary. Appellant was committed to this penal institution in 1931 by judgment of a Common Pleas Court of Ohio, of appropriate jurisdiction, wherein he was sentenced to life imprisonment on a plea of guilty to an indictment charging him with murder in the first degree.

At a hearing in the United States District Court for the Southern District of Ohio, the appellant was afforded adequate opportunity to sustain the charges of his petition; but he presented no evidence, merely stating that he relied only upon the record.

Petitioner's main complaint is that the trial court failed to assign him, at State expense, counsel to advise him of his constitutional rights. In Ohio, the rule is that, when a plea of guilty is entered, it is not necessary that the court appoint defense counsel at State expense; and that, at most, the failure to do so can be raised as an irregularity on appeal and may not be presented on application for habeas corpus. In re Burson, 152 Ohio St. 375, 89 N.E.2d 651, affirming 86 Ohio App. 404, 86 N.E.2d 43; In re Levenson, 154 Ohio St. 278, 95 N.E.2d 760; McConnaughy v. Alvis, 165 Ohio St. 102, 103, 133 N.E.2d 133. See also Dinsmore v. Alvis, 88 Ohio App. 32, 96 N.E.2d 427.

Appellant urges the invalidity of his sentence by virtue of section 13442–4 of the General Code of Ohio, R.C. § 2945.05, then in effect. This code section provided that, in all criminal cases in the courts of record of Ohio, the defendant should have the right to waive trial by jury and elect to be tried by the court without a jury; but that such waiver and election should be in writing signed by the defendant and should be filed and made a part of the record in the cause. It must be observed, however, that section 13448–2, General Code of Ohio [section 2945.74 Rev.Code], provides that if the offense charged is murder and the accused is convicted by confession in open court, the court shall examine the witnesses, determine the degree of the crime, and pronounce sentence accordingly.

It has been held by the Supreme Court of Ohio that the defendant has not been denied his constitutional right of trial by jury where a defendant pleads guilty to a first-degree-murder indictment and the court receives testimony to determine the degree of the crime; and, after hearing such evidence, the court decides the crime to be murder in the first degree and imposes the death penalty. State v. Habig, 106 Ohio St. 151, 140 N.E. 195; State v. Ferranto, 112 Ohio St. 667, 148 N.E. 362.

After the last-cited case, the General Code of Ohio was amended to provide that a three-judge court should determine the degree of the offense and the punishment to be imposed, where the defendant enters a guilty plea to a charge of first-degree murder. General Code of Ohio, section 13442–5, as amended [section 2945.06 Rev.Code]. Subsequent to this code amendment, the Supreme Court of Ohio has held that a three-judge court possesses jurisdiction, upon a plea of guilty by a person charged with unlawfully and purposely killing another while in the perpetration of a robbery, to determine the degree of the offense and to sentence the defendant, even though no written waiver of trial by jury is filed as provided for by section 13442–4 of the General Code. State ex rel. Scott v. Alvis, 1951, 156 Ohio St. 387, 102 N.E.2d

845; See also State ex rel. Evans v. Eckle, April 1955, 163 Ohio St. 122, 126 N.E.2d 48, affirming, Ohio App.1954, 130 N.E.2d 157.

No other issue presented by appellant is of any consequence. The judgment of the district court is accordingly affirmed.