SHARP *v.* ECKLE, SUPT.

(No. 292—Decided July 7, 1960.)

*Mr. Paul N. Sharp, in propria persona.*
*Mr. Mark McElroy,* attorney general, and *Mr. Aubrey Wendt,* for respondent.

WISEMAN, P. J.  The petitioner, Paul N. Sharp, who is confined in the London Prison Farm under a sentence of from one to twenty years on a charge of operating a motor vehicle without the owner's consent, filed his petition in this court for a writ of habeas corpus.

This matter came on to be heard on the petition, the return of the writ, and the testimony of the petitioner.  The petitioner contends that his conviction and sentence are void for the reason that the trial court failed to appoint counsel to represent him.  He cites as authority the case of *In re Motz,* 100 Ohio App., 296, 136 N. E. (2d), 430, wherein the defendant pleaded not guilty and the cause proceeded to trial without counsel for defendant.  The court in that case very properly distinguished the case of *In re Burson,* 152 Ohio St., 375, 89 N. E. (2d), 651, where, as in the case at bar, the defendant entered a plea of guilty.  The rule of law laid down in the *Burson case* is applicable here.  The third paragraph of the syllabus is as follows:

"A plea of guilty to an indictment raises a presumption of waiver of the right to have counsel appointed to aid the person charged in the indictment, unless there are circumstances which rebut and nullify such presumption.  Such waiver may be express, providing it is intelligently and understandingly given, or may be implied."

In the application of this rule of law to the facts in the instant case we hold that there is a presumption that the ac-

cused waived his right to counsel when he pleaded guilty. This presumption is not rebutted. The court did not lose jurisdiction. The sentence was valid.

*Petitioner remanded to custody.*

CRAWFORD and KERNS, JJ., concur.