MILTON, EX PARTE, Petitioner.

Common Pleas Court, Licking County.

No. 47151. Decided April Term.

164

*Mr. Harold B. Hughes*, for petitioner.
*Mr. Neil Laughlin*, assistant city solicitor, for respondent.

HOLTSBERRY, J. Ann Milton, concededly not a disciple of the Milton theology dear to the Puritan heart, was found guilty of prostitution in the Newark Municipal Court, and sentenced on June 26, 1961. She filed in this Court, application for a writ of habeas corpus directed against the Sheriff of Licking County, Ohio, alleging irregularities in the trial court constituting a

void commitment resulting in her illegal restraint of liberty, in that she was denied her constitutional right to a jury trial.

Habeas corpus is a high prerogative writ, having for its object the speedy release by judicial decree of persons who are illegally restrained of their liberty, or illegally detained from the control of those who are entitled to the custody of them. Its true function aims to safeguard rights and liberties of innocent persons, rather than to protect the guilty. Although old in origin, and deeply rooted in the common law, it exists under our Ohio law as a statutory right. A court should look upon it with favorable regard, yet be concerned with it in the strict light of the Ohio statutes.

In a case such as the instant one, the question before the Court is simply this: Is the petitioner unlawfully restrained of her liberty? A court's authority in habeas corpus cannot be extended merely because some probable injustice may or may not have been done, it must be restricted to instances where deprivation of liberty is without authority of law.

Petitioner herein has been restrained under the process and order of the Municipal Court. The crime charged was a misdemeanor, and occurred in the City of Newark. The inquiry of the Common Pleas Court must be limited to the validity of the Municipal Court's sentence, and a determination whether the court had jurisdiction. Errors which are not jurisdictional cannot be reviewed on habeas corpus. (*Re: Buchtel,* 11 O. CC., N. S., 537, 31 O. CC., 159, affirmed without opinion in 74 Ohio St., 524; 78 N. E., 116, and affirmed in 204 U. S., 36, 51 L. Ed., 357, 27 S. Ct., 243, 15 O. F. D., 457.)

Habeas corpus is not the proper remedy to obtain release from custody under the sentence of a court unless the court is without jurisdiction, or the sentence, in legal effect, is absolutely null and void. (*Re: Burson,* 152 Ohio St., 375, 89 N. E. [2d], 651; *Re: Levenson,* 150 Ohio St., 278, 95 N. E. [2d], 760; *Re: Kramer,* 163 Ohio St., 510, 127 N. E. [2d], 367; *Gallagher v. Sachs, Warden et al.,* 172 Ohio St., 37. Also see 26 Ohio Jurisprudence [2d], Section 8.) The rule that habeas corpus is not a substitute for appeal is limited to cases involving non jurisdictional errors and irregularities.

If a court is without jurisdiction of the person or the offense,

or if its judgment is absolutely void, the rule does not apply and habeas corpus is an available remedy regardless of the availability of the remedy of appellate review. (26 Ohio Jurisprudence [2d], 560.)

The words of Chief Justice Marshall in *State, ex rel. Warner* v. *Baer*, 103 Ohio St., 588, are worthy of quote:

"The provisions relating to the right of jury trial refer only to the form and manner of the trial, and are in no way jurisdictional in character. If a person has a right to a jury trial, and is deprived of such right, it is an irregularity which constitutes error, but does not present a jurisdictional question."

The demand of petitioner for a jury trial was not within three days prior to the date set for her trial, and the Municipal Judge held that this constituted a waiver under Section 2938.04, Revised Code, and proceeded to trial. She contends this Section is not applicable to Municipal Courts, but that her rights existed under Section 1901.24, Revised Code.

In Ohio the powers of a court in habeas corpus are clearly defined by the Revised Code, wherein it is provided that a person unlawfully restrained of his liberty, or a person entitled to the custody of another, of which custody he is unlawfully deprived, may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment, restraint or deprivation; that where a judge is satisfied that petitioner is unlawfully imprisoned or detained, he shall forthwith discharge him; and that if it appears that the person is in custody of an officer under process of a court or magistrate, or by virtue of judgment or order of a court of recoird, and that the court or magistrate had jurisdiction to issue the process, render the judgment or make the order, the writ shall not be allowed; or if the jurisdiction appears after the writ is allowed, the person shall not be discharged by reason of any informality or defect in the process, judgment or order.

If we assume solely for the sake of the argument that petitioner actually was entitled to a jury trial, still this would amount to merely an irregularity constituting error, and not be a jurisdictional question.

Without question, the Municipal Court had jurisdiction

for the reasons stated and authorities cited, it is the opinion of the Court that petitioner is not unlawfully deprived of her liberty by virtue of said trial court procedure, and she is ordered remanded to the custody of the sheriff of Licking County for execution of the balance of the jail sentence as pronounced by the trial court, petitioner having been let to bail, after serving part of her sentence, by entering into a recognizance with sufficient surety, conditioned on the determination of this Court.

This Court having reached the above conclusion, it is apparent it need not answer the question raised of the conflict or application of the above mentioned statutes. However, since counsel request it, in view of recent confusion under these sections, I shall briefly discuss same.

Section 2938.04, Revised Code (Effective January 1, 1960), reads as follows:

"In courts of record right to trial by jury as defined in Section 2945.17, Revised Code, shall be claimed by making demand in writing therefor and filing the same with the clerk of the court not less than three days prior to the date set for trial or on the day following receipt of notice whichever is the later. Failure to claim jury trial as provided herein shall be a complete waiver or right thereto. In courts not of record jury trial may not be had, but failure to waive jury in writing where right to jury trial may be asserted shall require the magistrate to certify such case to a court of record as provided in Section 2937.08, Revised Code."

Section 1901.24, Revised Code (Effective October 1, 1953), pertaining to demand for jury trial in Municipal Courts, provides in the third sentence:

"In any criminal case in which the accused is entitled to a jury trial, a demand for a jury trial must be made by the accused before the court shall proceed to inquire into the merits of the cause, otherwise a jury shall be deemed to be waived."

Counsel for petitioner claims the procedure under the older statute is still applicable in Municipal Court.

It is apparent that Section 2938.04, Revised Code, is in conflict with that part of Section 1901.24, Revised Code, that deals with a demand for a jury trial in prosecutions for misdemeanors and ordinance violations. The Newark Municipal Court is the

only Magistrate Court as defined by Section 2931.04, Revised Code, in Licking County now having jurisdiction to try a jury case in a criminal action within its jurisdiction (Now County-wide), and it must be concluded that the rule set out in Section 2938.04, Revised Code, must prevail.

That part of Section 1901.24, Revised Code, which provides that "in any criminal case in which the accused is entitled to a jury trial, a demand for a jury trial must be made by the accused before the court shall proceed to inquire into the merits of the cause, otherwise a jury shall be deemed to be waived," is repealed by implication.

It is readily discernible that petitioner's application for habeas corpus is without merit under any circumstances of the facts and law herein.

Even if she was correct in her contention of the statute question, which she is not, then the conclusion reached in the early part of this opinion as to the remedy for irregularity would still require dismissal of the application.