KAHNY *v.* SACKS, WARDEN.

(No. 6741—Decided May 16, 1961.)

8

*Mr. Raymond J. Kahny, Jr., in propria persona.*

*Mr. Mark McElroy*, attorney general, and *Mr. Aubrey A. Wendt*, for respondent.

*Per Curiam.* Raymond J. Kahny, Jr., a prisoner in the Ohio Penitentiary, has filed a petition in habeas corpus in this court, naming as respondent, Beryle C. Sacks, Warden of the Ohio Penitentiary. The Attorney General of Ohio, as counsel for the warden, has filed a demurrer to the petition for the reason that it fails to state a cause of action.

In the petition, Kahny states that on March 7, 1960, he was sentenced by the Hamilton County Common Pleas Court to a term of from 10 to 25 years in the Ohio Penitentiary for armed robbery.

Kahny contends that, because he had no lawyer, did not sign a waiver of a jury trial and was not informed of his right to such counsel or to a jury trial, there was such denial of his constitutional rights as to vitiate the judgment and sentence of the court, and that, therefore, he is entitled to a release from further imprisonment.

In support of the demurrer, the Attorney General cites the case of *In re Burson*, 152 Ohio St., 375, holding that a plea of guilty raises a presumption of waiver of the right to have counsel appointed, in the absence of circumstances rebutting such presumption. Nothing has been pointed out or otherwise come to our attention which would rebut the presumption in this case.

With reference to the necessity of a written waiver of a jury trial, where there is a plea of guilty, the Attorney General relies upon the case of *Burt* v. *Alvis, Warden*, 82 Ohio Law Abs., 511, holding that, after a plea of guilty, the defendant no longer has the right to a jury trial.

Juries are triers of facts and in a criminal case determine the guilt or innocence of the defendant. When the defendant has pleaded guilty, there no longer is any need for such determination.

The demurrer is well taken and must be sustained and the petition dismissed.

*Demurrer sustained and petition dismissed.*

Duffey, P. J., Bryant and Duffy, JJ., concur.