Per Curiam.

Petitioner raises three questions relating to his conviction.
The first question relates to the failure of the trial court to advise him of his right to counsel and to have counsel appointed for him. According to the record of his conviction, he pleaded guilty to the charges in the indictment.
This court in In re Burson, 152 Ohio St., 375, stated in the third paragraph of the syllabus:
“A plea of guilty to an indictment raises a presumption of waiver of the right to have counsel appointed to aid the person charged in the indictment, unless there are circumstances which rebut and nullify such presumption. Such waiver may be express, providing it is intelligently and understandingly given, or may be implied.”
This waiver, of course, is merely presumptive as Judge Hart said, as follows, in the Burson case, at pages 382 and 383:
“Whether a waiver was made must be determined by the particular facts and circumstances of the case, including a consideration of the background, experience and conduct of the accused.”
The petitioner in the present case was at the time of his *461 arrest some 21 or 22 years of age. He had, prior to his arrest, spent about two years in the Federal Reformatory for a violation of the Dyer Act. Although his education was limited, it is difficult to believe that with his background and at his age he was not fully aware of his rights to counsel and a jury trial.
The second question raised by petitioner relates to his failure to file a written waiver óf a jury trial. He alleges that such written waiver is mandatory, and that the failure to advise him of his right to trial by jury and the failure to have a written waiver of a jury trial infringed his personal constitutional rights. By his plea of guilty, he waived his right to a jury trial (Carper v. State, 27 Ohio St., 572), and the failure to file a written waiver of jury does not infringe the constitutional right of one who pleads guilty (State, ex rel. Scott, v. Alvis, Warden, 156 Ohio St., 387).
The third question raised by petitioner relates to the fact that he was charged with different offenses arising out of the same act.
This contention made by petitioner is basically that of double jeopardy, his argument being that the various counts charged only a single crime or lesser included offenses, and that the conviction for one necessarily included the others.
The plea of double jeopardy is a matter of defense which must in the first instance be raised in the trial court or it is waived. In the event of error in regard thereto, an accused has an adequate remedy by way of appeal.
The question of double jeopardy is one which goes not to the jurisdiction of the trial court but rather to the judgment and sentence. These are issues which must be raised by appeal and are not cognizable in a habeas corpus proceeding. Birns v. Sweeney, Sheriff, 154 Ohio St., 137, and Ex parte Van Hagan, 25 Ohio St., 426. It is fundamental that habeas corpus cannot be substituted for appeal. McConnaughy v. Alvis, Warden, 165 Ohio St., 102, and In re Harley, 167 Ohio St., 48.
In other words, double jeopardy is not a ground for relief by habeas corpus after conviction of the accused by a court having jurisdiction of the person and the subject matter. Annotation, 8 A. L. R. (2d), 285.
The petitioner has made no showing that he has been deprived of any of his constitutional rights or that there was any *462 lack of jurisdiction in the court either over his person or over the subject matter.

Petitioner remanded to custody.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell and O’Neill, JJ., concur.
Herbert, J., not participating.