Per Curiam.

The sole ground upon which petitioner bases his right to release is that he was not represented by counsel or offered counsel by the trial court. The state admits this as a fact. Petitioner alleges that he requested that counsel be appointed for him not only at the time of his arraignment but also that he made such request to several officers prior to his arraignment. Such request must be directed to the court, not to police officers. Although petitioner alleges that he requested *436 counsel at Ms arraignment, a full transcript of the testimony at the arraignment was introduced into evidence, and no such request is reported. It can only be concluded from the evidence that he made no such request.
Petitioner pleaded guilty to the indictment in the case. Such a plea raises a presumption of a waiver of the right to have counsel appointed. In re Burson, 152 Ohio St., 375.
In order for lack of counsel on a plea of guilty to constitute a denial of due process, it must appear that such lack of counsel so prejudiced the accused that he was unfairly confined, and that such lack was apt to result in injustice.
In other words, lack of counsel on a plea of guilty does not in and of itself constitute a denial of a fair trial or a denial of due process.
To determine in any given case whether lack of counsel on a plea of guilty constitutes a demal of due process, consideration must be given to the circumstances surrounding such plea. Primarily, this involves the extent of the accused’s experience. As pointed out in Stein v. New York, 346 U. S., 156,185, in relation to coerced confessions, “what would be overpowering to the weak of will or mind would be utterly ineffective against an experienced criminal.” This same theory would be equally applicable to the determination of whether an accused has been deprived of any rights by failure to appoint counsel for him. To paraphrase the Stein case, although one who is a neophyte in relation to the law might well be unaware of his rights, the experienced criminal is well aware of his rights and of criminal procedure and can weigh the advantages and disadvantages of the course of conduct he chooses to pursue, i. e., whether to demand counsel or not; whether to plead guilty or not.
When such test is applied to the instant situation, it is clear that no injustice resulted to petitioner. Despite his comparative youth (petitioner was 22 years of age at the time he entered his plea), he could hardly be called a neophyte in the law. Evidence introduced at the hearing showed that he had served one term in North Caroline for larceny. He had also been arrested numerous times for vagrancy and investigation. The records of the penitentiary introduced into evidence show *437 that upon his admission therein he admitted the commission of the crime for which he was convicted. Considering all the surrounding circumstances, it cannot be said that petitioner did not know his rights and voluntarily waive them. Inasmuch as petitioner urges that he requested counsel, he cannot validly claim that he was not aware of his right. One cannot remain entirely passive at his hearing, fail to request counsel, even though he is aware of his right, and then later urge lack of counsel as a basis for his release.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.