Per Curiam.

Petitioner bases his right to release on the alleged facts that he was not informed of his right to counsel, was not furnished counsel, and did not intelligently waive counsel.
Petitioner testified that, during a recess in the trial of Dr. Samuel Sheppard and while the courtroom was full of people and there was a great deal of commotion, he and several other defendants were taken before the judge for arraignment, and that as each of their names was called each defendant stepped forward and was asked to plead without any explanation of his rights or offer of counsel. Petitioner pleaded guilty.
The state offered no evidence other than cross-examination of petitioner as to his prior record, which showed one felony conviction, and the court’s journal, which recited that petitioner was informed of his constitutional rights. The journal does not specify the constitutional rights about which he was informed, but they would clearly include rights arising both under those provisions of the Constitution of Ohio and the statutes enacted to implement them which provide for appointment of counsel for an indigent accused.
*66 The court does not reach that conclusion by making a presumption from “a silent record,” as was found to be “impermissible” in Carnley v. Cochran, Dir. (1962), 369 U. S., 506. The record in this case is not silent and must necessarily be considered in the light of the Constitution and statutes of Ohio. When so considered it merely omits to state in detail that which the Constitution and statutes of Ohio require a trial judge to do as a matter of law.
Since 1851, Section 10 of Article I of the Ohio Constitution has provided:
“* * * In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel # * # 91
Prior to that, a similar provision was found in Section 11 of Article VIII of the Constitution of 1802.
Since as early as 1816 (14 Ohio Laws, 380, 384), the statutes of Ohio have required the appointment of counsel for an indigent accused. The present statute, Section 2941.50, Revised Code, has provided, in part, since its recodification in 1953:
“After a copy of an indictment has been served or opportunity had for receiving it the accused shall be brought into court, and if he is without and unable to employ counsel, the court shall assign him counsel, not exceeding two, who shall have access to such accused at all reasonable hours. # * *”
An indigent accused in Ohio learns of his right to counsel because of the uniform performance by trial judges of the duty placed on them by this statute.
As early as 1929 (113 Ohio Laws, 123,145), the statutes of Ohio also required that an accused be informed of his right to counsel even prior to being bound over to the grand jury. Present Section 2937.02, Revised Code, requires that an accused shall be instructed of such right at the time he is first taken before a magistrate. Section 2937.02 now provides:
“When, after arrest, the accused is taken before a court or magistrate, or when the accused appears pursuant to terms of summons or notice, the affidavit or complaint being first filed, the court or magistrate shall, before proceeding further:
ÍÍ # * *
“(B) Inform the accused of his right to have counsel and *67 the right to a continuance in the proceedings to secure counsel
Thus, for almost 150 years, trial-court judges in Ohio have been under a frequently augmented duty to inform an accused of his rights under the Constitution of Ohio and under the statutes of Ohio, including his right to have counsel without cost to him if he is indigent. So zealous have trial judges been in protecting an indigent accused’s right to counsel that counsel is usually appointed on the accused’s mere statement of indigence without any investigation to determine whether he is indigent as a matter of fact. The uniform compliance of Ohio trial courts with these duties imposed upon them by our Ohio Constitution and statutes is so well known that it is a fact of which judicial notice may be taken. Prior to 1963, there was only one case before this court in which it was contended that a trial court had not fully complied with these statutory duties. See In re Burson (1949), 152 Ohio St., 375, certiorari denied, 339 U. S., 969.
The fact that the record does not specify the “constitutional rights” about which petitioner was informed does not give rise to a presumption that the court did not comply with all the duties specifically imposed upon it by our Constitution and statutes. To so hold would be to presume judicial error. Kegardless of the conclusion which should be reached in states which do not have statutes and constitutional provisions similar to ours, much more than an unsupported allegation by a petitioner should be necessary to lead this court to reasonably conclude that a trial judge in this state did not fulfill his statutory duty to inform an indigent accused of his right to have counsel without cost to him.
The court is especially hesitant to give credence to such an unsupported allegation in this case where petitioner waited to seek habeas corpus relief from 1954, when he plead guilty, until after the trial judge died in 1958 and until after the decisions of the United States Supreme Court in Gideon v. Wainwright, Dir. (1963), 372 U. S., 335, and Carnley v. Cochran, Dir. (1962), 369 U. S., 506.
The Florida court in the Gideon case could not have been expected to foresee a duty to inform the petitioner of a right *68 which the United States Supreme Court had previously held, since Betts v. Brady, Warden (1942), 316 U. S., 455, that he did not have. But Ohio, by its Constitution and statutes and by long established practice in all of its trial courts, has been administering justice in the spirit of the Gideon decision since long before it was first contended that the providing of counsel for an indigent accused without cost to him was compelled by the Fourteenth Amendment to the Constitution of the United States.
The statutory right of an indigent to have counsel appointed without cost to him has existed in Ohio since 1816. The fact that petitioner waited to claim this right until long after his trial judge died and until after the Gideon and Carnley cases received such wide publicity convinces the court that his claim is based either on faulty recollection and wishful thinking or opportunistic fabrication.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, Geiffith and Herbeet, JJ., concur.
O’Neill and Gibson, JJ., dissent.