ance with law." Section 119.12, Revised Code. The assignment of error is not well made.

Judgment affirmed.

-BRYANT, P. J., and DUFFY, J., concur.

WISEMAN, J., of the Second Appellate District, sitting by designation in the Tenth Appellate District.

THE STATE OF OHIO, APPELLEE, v. SHERIDAN, APPELLANT.*

(No. 4866—Decided May 27, 1959.)

Mr. John S. Ballard, prosecuting attorney, Mr. Joseph D. Roulhac and Mr. George Pappas, for appellee.
Mr. Walter B. Wanamaker, for appellant.

HUNSICKER, J. The appellant, Phillip Sheridan, was indicted, tried, and convicted, under the habitual criminal statute of the state of Ohio (Section 2961.11, Revised Code). Thereafter, an appeal on questions of law, from the judgment of

*Motion to certify the record overruled, December 9, 1959. Appeal dismissed, 170 Ohio St., 168.

guilty in that case, was brought to this court with the following assignments of error:

"1. Trial of this case was conducted without due process of law for the reason that the court refused the reasonable request of a minimum amount of financial assistance to counsel for the preparation of the defense, although counsel for the appellant renewed the request for financial assistance and made a motion for the continuance for a reasonable time to secure such evidence as might be obtainable with the financial assistance requested, which motion was overruled.

"2. A jury was sworn before there were any specifications in the indictment as to the offense charged, and the indictment was faulty in other respects.

"3. Admission of evidence of a conviction based upon a plea of guilty over the objection of the appellant; the subsequent assertion repeatedly by the trial judge that a plea of guilty was the same as a trial for the purpose of this prosecution, which ultimately was carried into the judge's charge to the jury in his interpretation to them in the charge of the definition of a trial.

"4. The admission of evidence over objection pertaining to a trial and a conviction of the crime of *armed robbery* and the refusal to withdraw said evidence from the consideration of the jury and the statements in the instructions to the jury that *armed robbery* included robbery and was sufficient under the statute.

"5. The court's refusal of the written request to charge the jury, either before the argument or to include the same in the court's instructions to the jury, with respect to the jury's right to have a conscientious disagreement as to what verdict was to be returned.

"6. The refusal of the trial judge to correct the errors of the trial and his refusal to sustain the motion to have entered a verdict of not guilty upon the law and the evidence.

"7. The errors committed by the trial judge in his written instructions, particularly in misinterpreting the statute and his overt error in interpreting to the jury that the plea of not guilty was a denial of the state's claim, inasmuch as the appellant did

not take the witness stand, and for other errors of fact and of law contained in said charge.''

We shall not attempt to discuss at any great length our conclusions as to the assignments of error, but we shall treat them in the order given above.

Counsel for the appellant made a request that the trial judge approve an allowance of the sum of $100 for the purpose of ''investigating'' and ''preparation'' of the defense. This request was refused by the trial judge. Except for the statements of defense counsel as to the need for such sum of money, no evidence was presented to establish that this sum, or any sum, was needed for the purpose alleged. It is admitted that appellant is an indigent, and that counsel was appointed for him under authority of Section 2941.50, Revised Code. There may be situations where it would be a denial of due process to refuse an allowance for preparation for trial; but, under the circumstances disclosed by this record, the trial court did not commit prejudicial error in overruling the request.

The indictment, as contained in the transcript of docket and journal entries, recites in the last sentence thereof as follows:

''We charge that the defendant is and should be adjudged an habitual criminal as of this time by reason of the foregoing.''

In the file is another alleged copy of the indictment which has that sentence as the first part of a sentence which makes up the last paragraph of the indictment. We do not know which is the correct version, but we must conclude that the copy in the transcript of docket and journal entries speaks the truth, since it conforms to what occurred in the course of the trial. There was no error committed by the trial court (after the jury was sworn) in first refusing to allow an amendment to the indictment, and thereafter permitting the amendment to include the sentence above set out. This amendment conformed to Section 2941.30, Revised Code, and was proper under the circumstances.

Counsel says that the trial court committed prejudicial error in the admission of evidence with respect to the pleas of guilty made by Phillip Sheridan in some of the felonies set out in the indictment, when the habitual criminal statute (Section

2961.11, Revised Code) says: "* * * previously convicted of any of these felonies separately prosecuted and tried therefor, either in this state or elsewhere * * *." The trial court determined that a plea of guilty to any one of the felonies set out in the statute was, under this statute, a "previous conviction of a felony separately prosecuted and tried * * *."

The statutes allow an oral plea of guilty (Sections 2943.03 and 2943.04, Revised Code). Such a plea is a waiver by a defendant charged with an offense of the necessity for a trial. When the plea of guilty is journalized, it is of the same effect as a previous conviction which has been separately prosecuted and tried. The trial court did not err in so instructing the jury.

Prejudicial error is also claimed by counsel for Phillip Sheridan, in that evidence was introduced to show that one of the offenses claimed to be the basis of the habitual criminal charge herein was designated in the indictment as "armed robbery," whereas, in the statute defining an habitual criminal, the offense is designated only as "robbery," there being no offense such as "armed robbery" set out in that statute.

Complaint is also made that the trial judge, in his instruction to the jury, said that "robbery," as used in the statute, was included in the offense of "armed robbery."

We do not deem it necessary to set out in detail the statutory definitions of "robbery" and "armed robbery." We do believe that robbery, as set out in the habitual criminal act, means either type of the offense of stealing, from another, anything of value by force or violence, or by putting in fear. In such sense, "robbery" is included within the offense of "armed robbery." The trial court, in this particular assignment of error, did not commit error prejudicial to the substantial rights of the appellant. In any event, both types of robbery are felonies and not misdemeanors.

We have examined the other claimed errors, and we do not find that they constituted error prejudicial to the appellant. For the reasons herein assigned, we affirm the judgment of the trial court.

*Judgment affirmed.*

DOYLE, P. J., and STEVENS, J., concur.