Per Curiam.

Petitioner urges as a ground for Ms release the alleged beating and other misconduct which took place after his arrest and prior to his indictment.
The grounds upon which release from custody in a habeas corpus proceeding may be had relate to jurisdiction. The Court of Common Pleas acquired jurisdiction of the offense by statute and over the person of the petitioner by the indictment. Even assuming that the facts are as petitioner claims, any irregularities which occurred prior to the indictment did not affect the jurisdiction of the Court of Common Pleas. 26 Ohio Jurisprudence (2d), 561, Habeas Corpus, Section 10.
Petitioner urges that his constitutional rights were infringed upon because he did not have the assistance of counsel. Petitioner never requested that counsel be appointed for him, and, furthermore, by his plea of guilty he waived his right to counsel.
In In re Burson, 152 Ohio St., 375, the third paragraph of the syllabus reads as follows:
“A plea of guilty to an indictment raises a presumption of waiver of the right to have counsel appointed to aid the person charged in the indictment, unless there are circumstances which rebut and nullify such presumption. Such waiver may be express, providing it is intelligently and understanding^ given, or may be implied.”
The petitioner contends further that there wTas a forced confession in this case, and that he was compelled to be a witness against himself. He is undoubtedly referring to a confession which he contends he made to the police. Assuming such confession was made, it did not enter into petitioner’s case. No evidence was introduced by reason of the fact that petitioner pleaded guilty to the charge. It must be remembered that there was no trial but merely a plea of guilty. The indictment charged that petitioner “did carnally know, forcibly and *409 against her will * * * a female person under 12 years of age, to wit, eight years of age.” The truth of these material allegations in the indictment was admitted by the entering of the plea of guilty. McConnaughy v. Alvis, Warden, 165 Ohio St., 102.
This was a judicial confession made in the presence of the court on a plea of guilty — not one attempted to be admitted in evidence in the course of a trial.
The final questions raised by petitioner relate to the right to a trial by jury, the right to obtain witnesses in his own behalf and the right to meet his accusers face to face. All the objections raised here relate to petitioner’s rights in an actual trial of his case. By his plea of guilty he waived a right to a trial and other rights attendant thereto to object to any defects which might have been raised by a motion to quash. Carper v. State, 27 Ohio St., 572; Craig v. State, 49 Ohio St., 415; and State v. Sheridan, 109 Ohio App., 482.
The petitioner has made no showing that he was deprived of any constitutional rights, or that there was any lack of jurisdiction in the court either over his person or over the subject matter.

Petitioner remanded to custody.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell and O’Neill, JJ., concur.
Herbert, J., not participating.